310

No. 32,356

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,
*Appellant,* v. IDA SHEARER AND O. P. SHEARER, *Appellees.*

(46 P. 2d 869)

Opinion filed July 6, 1935.

*W. R. Glass, Innis D. Harris, Jr.,* and *W. J. Glass,* all of Wichita, for the appellant.

*Charles B. Hudson, C. A. Matson, I. H. Stearns* and *E. P. Villepigue,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This was a foreclosure action in which a personal judgment was rendered and the property was sold to the plaintiff at sheriff's sale for less than the full amount of principal, interest, taxes and costs. More than a year after the sheriff's sale was confirmed the defendants moved the trial court to set aside the deficiency judgment because the same was wrongfully and unlawfully obtained in that no evidence was presented to the trial court that the property was of less value than the full amount of the judgment and because the market value of the property at the time of the sale was greater than the judgment, and therefore the taking of a deficiency judgment was contrary to law. Timely objections were made by the plaintiff to the hearing of such motion on the ground that the court had no jurisdiction to grant the relief sought or to set aside the judgment at such late date. When such objections were overruled the defendants introduced evidence to the effect that the property at the time of the sheriff's sale was of greater market value than the amount of the judgment. The plaintiff introduced the files in the case, showing personal service on the defendants, their appearance

by attorney at the time of trial and the confirmation of sale, the journal entry of both proceedings being approved by the attorney for defendants. The trial court sustained the motion of the defendants and set aside the deficiency judgment, from which ruling the plaintiff appeals.

It is well settled in this state that a judgment becomes final at the end of the term at which it has been rendered. (*Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884; *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041; *Heston v. Finley,* 118 Kan. 717, 236 Pac. 841; *J. B. Colt Co. v. Clark,* 125 Kan. 722, 266 Pac. 41; and *Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015.) The only exceptions to this rule are those which are well within the provisions of certain statutes specifically outlining such exceptions.

Appellees here in support of the ruling of the trial court rely upon the third subdivision of R. S. 60-3007, which provides that the district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made for "irregularity in obtaining a judgment or order," and the following section provides that such may be done within three years after the making of such judgment or order.

The motion of the defendants to set aside the deficiency judgment was filed within the three-year period, but the important question involved is whether or not there was an "irregularity in obtaining a judgment or order." There was no judgment rendered in the case as a deficiency judgment. The only judgment rendered was that usually rendered in a foreclosure action for a definite amount based on personal service of summons, and the deficiency feature arises from the fact that the property sold at the sheriff's sale for less than the judgment, and that difference is referred to herein as a deficiency judgment. There is no claim or suggestion that the judgment as rendered was in itself irregular, but because the court's attention was not called at the time of the confirmation of sale to the fact that the sale was made for less than the judgment, and the court being unaware of that fact and under a misapprehension of the true situation in regard to the leaving of a deficiency, the order of confirmation, thus leaving a deficiency judgment, was an irregularity under the statute, as claimed by the appellees.

Appellees cite chapter 218 of the Laws of 1933, which took effect about four months prior to the confirmation of the sheriff's sale in

this case, and they urge because there was no hearing on the question of the value of the property being sold, the order confirming the sale was irregularly obtained in that the court did not know the property was being sold for less than the judgment rendered and less than the market value of the property mortgaged. A careful reading of chapter 218, or R. S. 1933 Supp. 60-3463a, shows that such a hearing may be had, but is not required. This act is, as it states therein, intended as declaratory of the equity powers existing in the courts under R. S. 60-3463, and that act provides that "the court, if it finds the proceedings regular and in conformity with law and equity, shall confirm the same."

The journal entry in this case did so find, and it was approved by attorneys for plaintiff and defendants. It is more than probable that the court did not distinctly recall the exact amount of the judgment rendered in the case several weeks earlier, but with the files available and attorneys representing both sides of the case present, the failure to recall or mention the two distinct amounts could not be called an irregularity in obtaining the judgment or order.

Appellees cite *Cooper v. Rhea*, 82 Kan. 109, 107 Pac. 799, where it was held "a court may vacate a judgment rendered on the pleadings because of a misapprehension as to what allegations they in fact contained." In the opinion the misapprehension was stated as follows:

"The plaintiff made affidavit that at the time the judgment was rendered he understood that the parties and the court had agreed that the answer was to be amended so as to set out a tax deed, and that it was to be treated at the hearing on the demurrer as though such amendment had already been made. He also introduced an affidavit of the former judge of the court, who presided when the judgment was rendered, stating that he had understood that to be the situation and had acted upon that understanding. It therefore was shown that the judgment was rendered on the pleadings while the court and the losing party were under a mistaken impression as to what issues they presented." (p. 110.)

Under such circumstances it was there held:

"The power of the court to correct such an error, even at a subsequent term, is so essential to the orderly administration of justice that it ought not to be denied unless in virtue of legislation admitting no other reasonable construction. A judgment so rendered does not express the real purpose of the court. The situation it presents is analogous to that arising when the record made does not conform to the action really taken." (p. 110.)

In the case of *Seeds v. Bridge Co.*, 68 Kan. 522, 75 Pac. 480, it was held:

"If the special findings are such as to require the entry of a judgment thereon, notwithstanding the general verdict, a judgment entered upon such general verdict is irregular and as such may be set aside at a subsequent term of court." (Syl. ¶ 1.)

In *Beeler v. Continental Casualty Co.*, 125 Kan. 441, 265 Pac. 57, it was held:

"Where the answers of the jury to special questions submitted show that the verdict is too small by the amount of interest that should have been included therein, the court may, at a subsequent term, increase the judgment by including the interest that should have been allowed when the verdict was returned." (Syl. ¶ 5.)

In *Vail v. School District*, 86 Kan. 808, 122 Pac. 885, it was held:

"A judgment by default in an action to recover on coupons clipped from a bond of a school district cannot be set aside at a subsequent term without some statutory reason; and mere misapprehension or misunderstanding on the part of the defendant as to whether the action involved outlawed coupons is not a sufficient reason." (Syl. ¶ 1.) (See, also, *Tobie v. Comm'rs of Brown Co.*, 20 Kan. 14, and *Lewis v. Woodrum*, 76 Kan. 384, 92 Pac. 306.)

Chapter 218 of the Laws of 1933, above cited, states that the court "may decline to confirm the sale where the bid is substantially inadequate," and also that a sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate, but it nowhere attempts to indicate that an order confirming a sale for an amount less than the judgment rendered would be improper or irregular, or that the failure to take testimony on the question of the market value would be obtaining an order irregularly.

We think it was error to sustain the motion of defendants to vacate and set aside the deficiency judgment as having been wrongfully, unlawfully or irregularly obtained, and therefore such ruling should be reversed and set aside. It is so ordered.