(563 P.2d 518)

No. 48,354

Donna L. Besse, *Appellee*, v. Tommy L. Besse, *Appellant.*

Petition for review denied June 15, 1977.

Opinion filed April 15, 1977.

*Michael T. Mills*, of Mills and Mills, of McPherson, and *William S. Mills* of the same firm, for the appellant.

*Edward D. Embers*, of Weelborg, Embers and Ferguson, of McPherson, for the appellee.

Before HARMAN, C.J., ABBOTT and PARKS, JJ.

HARMAN, C.J.: This is an appeal from an order by way of summary judgment dismissing a motion pursuant to K.S.A. 60-260 (*b*) which requested relief from a divorce decree directing movant to pay support for a child born during the marriage, who was not movant's natural or adoptive child.

Certain facts are undisputed. The case had its inception with the marriage December 20, 1968, of appellee Donna L. Besse and appellant Tommy L. Besse. Appellee gave birth to the child in question, Vance Reid Besse, on February 26, 1969. Both parties knew at the time of their marriage that appellant Tommy was not the biological father of the child. Tommy was listed as the father in the child's birth certificate issued March 18, 1969 (in one of his answers to interrogatories Tommy states this was done with his permission — in another he states he never gave consent to be named the father on the birth certificate).

On August 23, 1972, appellee Donna filed her petition for divorce alleging, among other things:

"4. That one child was born to plaintiff and defendant, to-wit: Vance Reid Besse, born February 26, 1969."

She sought temporary and permanent custody of the child and temporary and permanent child support. Tommy filed his answer in which he stated:

"THIRD: Defendant admits the birth of Vance Reid Besse as alleged in paragraph 4 of plaintiff's Petition."

January 12, 1973, the parties executed a written property settlement agreement which provided for monthly child support to be paid by Tommy for the minor child. Each of the parties was represented by legal counsel. This instrument was filed in the trial court January 19, 1973, at which time the action was heard and divorce was granted. The decree found that one child, Vance Reid Besse, had been born to the parties, that appellee should be awarded its custody and appellant should pay $95.00 per month toward its support as provided in the settlement agreement, which was specifically approved. At this hearing both parties were present in person and by their attorneys.

For one year after the divorce appellant paid the support money agreed upon. Then he quit. On February 10, 1975, appellant filed a motion seeking relief from the January 19, 1973, decree under K.S.A. 60-260 (*b*) (3), (4), (5) and/or (6) on the ground he was not the natural or adoptive father of Vance Reid Besse and alleging that his duties toward the child were only those of a stepfather.

Thereafter, by means of answers to interrogatories to each of the parties the facts already related were established. Further appellant stated the facts upon which he relied for relief to be:

"I am not Vance Besse's father, and can prove it if needed. Donna L. Besse has admitted this in her answers to Interrogatories. I never gave my consent that I be named as father of Vance Reid Besse on the birth certificate. Donna and I had no agreements about the child before we got married or afterwards. I was willing to marry Donna and assume the duties of a step-parent to her child, but I never really discussed the child with Donna because it was a sore subject. My lawyer, Tom Reid, strongly urged me to be named as the real father of Vance Reid Besse for the best interests of the child; and that it would not help to bring this matter up in court because every child must have a father. After about a year, I got fed up with having to pay support for someone else's child, and I stopped paying it. Donna L. Besse knows who the child's father is, and she has told me who it is."

Thereafter appellee filed her motion for summary judgment which was sustained by the trial court. Appellant's principal argument for relief appears to have been that both parties' conduct at the time the divorce was granted constituted fraud upon the court. The trial court also stated it would entertain no further motions and it assessed appellee's attorney fees against appellant.

In its oral statements the court concluded that 260 (*b*) was not

provided in order to relieve a party from free, calculated and deliberate choices he had made; that a party remains under a duty to take legal steps to protect his interests; that appellant's motion was not made until more than two years after the judgment complained of and this was not within a reasonable time as required by law. The court also commented it almost appeared that appellant was "playing games" with the court in that he had known everything relevant to the issues at all times and had been represented by counsel. It also commented upon the desirability of finality in litigation after parties have had their day in court.

Appellant now raises several points but in view of our ultimate determination not all need be discussed. In *Neagle v. Brooks*, 203 Kan. 323, 454 P. 2d 544, the court held:

"A motion for relief from a final judgment under K.S.A. 60-260 (*b*) is addressed to the sound discretion of the trial court, and upon appeal its action is reviewable only for abuse of discretion. [Syl. 3] The broad language of K.S.A. 60-260 (*b*) (6) authorizing relief for 'any other reason justifying relief from the operation of the judgment' gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. This power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests. [Syl. 5] A motion for relief from a judgment under K.S.A. 60-260 (*b*) (6) must be made within a reasonable time." (Syl. 6.)

Based upon the facts the trial court had before it at the time it dismissed the motion, we cannot declare it abused sound judicial discretion. Indisputably, the parties were aware of their predicament at all times. Shortly after his birth Vance Reid Besse had been officially registered as their offspring. They went into court with counsel and at their direction the court made provision for the minor child of the marriage, as it was required by law to do. Appellant kept his part of the bargain for a year. Then he "became fed up" but he waited for more than another year before doing anything about it. We cannot fault the trial court for the action taken.

However, there is more to the story which in this peculiar instance needs to be taken into account. On January 21, 1976, nearly six months after the trial court's dismissal of appellant's motion, there was filed in the same court a petition by Robert Stanley Klein and appellant, case No. 15,725. Named as defendants were appellee Donna L. Nelson, formerly known as Donna L. Besse and Donna L. Waltner, Vance Reid Besse and the Kansas

State Registrar of Vital Statistics. In the petition Klein stated he was the natural father of Vance Reid Besse. The petition went on to plead much of the factual matter we have already related. The relief sought was an order determining plaintiff Robert Stanley Klein to be the father of Vance Reid Besse, with appropriate amendment of Vance's birth certificate pursuant to K.S.A. 65-2409, and that appellant Besse be relieved of the duty of support of the minor child. At oral argument of this appeal counsel for the parties advised that action was still pending in the trial court.

At stake in these two actions are matters of importance in the lives of four young persons (including the minor). At the time of entry of the judgment appealed from here it appears the trial court did not have before it all the facts respecting the paternity of the minor. At that time it does not appear any father had been identified nor was there anyone on the scene willing to be so identified, as is the case now. To that extent the whole matter seems worthy of a second look.

In *Neagle v. Brooks*, supra, the court quoted approvingly certain principles applicable to relief under 60-260 (*b*), including these:

" '. . . Equitable principles may be a guide in administering relief.

" 'The Advisory Committee [on the Rules of Civil Procedure] has referred to "the teaching of experience that courts will not permit technicalities to prevent them from remedying injustice." Laudable as is the goal of remedying injustice Rule 60 (*b*) requires the courts to strike a balance between that goal and the desire to achieve finality in litigation. . . .' " (p. 327.)

In addition to the broad power available to a court under 260 (*b*) (6) for "any other reason justifying relief from the operation of the judgment", we also note the last ground in 260 (*b*) (5) which allows relief if "it is no longer equitable that the judgment should have prospective application". This latter proviso is authority for relief because of changed conditions since the judgment was rendered. In similar vein, under K.S.A. 60-1610 (*a*) a court may modify or change any order respecting the custody and support of minor children who have been involved in a divorce action in order to advance their welfare and best interest. "The support of children, like their custody, is a matter of social concern. It is an obligation the father owes to the state as well as to his children" (*Grimes v. Grimes*, 179 Kan. 340, 343, 295 P. 2d 646).

To the end that the minor child may have his father named once

and for all we think it just and proper that the trial court reconsider its judgment herein after a full evidentiary hearing on all aspects together with and in the light of the issues in case No. 15,725 pending before it. Accordingly the judgment is vacated and the cause remanded for such reconsideration.