(636 P.2d 797)

No. 52,706

THE OVERLAND PARK SAVINGS AND LOAN ASSOCIATION, *Appellee,* v. EARL WAYNE BRADEN, BEVERLY SUE BRADEN; CAPITOL FEDERAL SAVINGS AND LOAN ASSOCIATION; DIAL FINANCE COMPANY OF KANSAS CITY; Defendants. KIMBERLING PROPERTIES, INC., *Appellant.*

Opinion filed November 19, 1981.

*Douglas Lancaster,* of North, Lancaster & Dickson, of Overland Park, for appellant.

*Roy S. Bennett, Jr.,* of Bennett & Heaven, of Shawnee, for appellee.

Before JUSTICE PRAGER, presiding, ABBOTT, J., and HARMAN, C.J. Retired, assigned.

HARMAN, C.J. Retired: This is a mortgage foreclosure proceeding against two individual owners of two separate tracts of real estate. Kimberling Properties, Inc., a corporation which had not been a party to the proceeding, purchased one of the two tracts from the owners during the pendency of the suit. In the foreclosure judgment it was given redemption rights as to that tract. Later it moved to set aside the order of confirmation of sheriff's sale as to the one tract. The corporation also sought other equitable relief. Appeal is from denial of that motion.

On July 14, 1978, Earl Wayne Braden and Beverly Sue Braden

borrowed $92,500 from appellee Overland Park Savings and Loan Association. As security they executed a mortgage on the new home they were buying (the Stillwell property, Tract A) and their former home (the Shawnee property; Tract B); the latter was then on the market for sale, and upon such sale Overland Park Savings and Loan agreed to release the Shawnee property from the lien of its mortgage upon receipt of a $42,500 principal payment on the mortgage note.

This litigation commenced March 14, 1979, when the Bradens filed an action against Overland Park Savings and Loan Association, Santa Fe Financial Corporation and Harold B. Osborne, alleged owner of the two corporations. This petition was filed by Thomas Brooks of Thomas Brooks, Chartered, as attorney for the Bradens. The petition alleged numerous deceptive acts and practices in connection with a real estate contract and the mortgage transaction in July, 1978.

Later on the same day, Overland Park Savings and Loan Association filed its mortgage foreclosure action against the Bradens, alleging default in payments on the note. Following numerous pleadings and depositions the two cases were consolidated and heard by the trial court.

Appellant Kimberling Properties, Inc., was not a party to either of these actions. During the pendency of the two actions the Bradens entered into a contract with Kimberling to sell it the Shawnee property, with a quitclaim deed in escrow. The contract was never recorded. The transaction was in part to satisfy accrued attorney fees due Thomas Brooks. Brooks and his wife, also an attorney, were principal officers and stockholders of Kimberling Properties, Inc. In off-the-record comments during the taking of a deposition, Mr. Braden told Overland Park Savings and Loan Association's attorney that Thomas Brooks had some sort of interest in the Shawnee property. Soon thereafter the disciplinary administrator's office sent Brooks a letter regarding his continued representation of the Bradens after acquiring an interest in the property which was the subject of the litigation. Brooks withdrew as the Bradens' attorney. Later, upon the hearing of the two actions, the Bradens, pro se, dismissed their damage claims in the action commenced by them, which claims had been disclosed as being for $2,425,000.

The trial court entered foreclosure judgment against the prop-

erty March 11, 1980. The Bradens were still unaware as to the exact identity of the grantee to whom they had conveyed the Shawnee property, but they disclaimed any redemption right to it. Counsel for Overland Park Savings and Loan Association learned in telephone conversation with Mr. Brooks that the redemption right should be granted to Kimberling North, Inc., a Missouri corporation, and its successor in interest, Kimberling Properties, Inc., a Kansas corporation, and accordingly, the latter was given that right in the journal entry, a copy of which was furnished Brooks.

Pursuant to published notice the two properties were sold at sheriff's sale on April 17, 1980, at 10:00 a.m. Overland Park Savings and Loan Association was the successful bidder, allocating 85 percent of its total judgment to the Stillwell property and the remaining 15 percent to the Shawnee property. Thomas Brooks was present at the sale.

On the same day of the sale, and just eleven minutes prior to it, the Bradens-to-Kimberling deed to the Shawnee property was recorded in the office of the register of deeds of Johnson County.

On April 22, 1980, the trial court confirmed the sheriff's sale. In its order the court found that appellant Kimberling through its attorney and corporate officer, Thomas Brooks, had received by mail on or about March 23, 1980, an exact copy of the journal entry of foreclosure judgment, which judgment specifically ordered a separate sale of the two tracts covered by Overland Park Savings and Loan Association's mortgage (Tract A was to be sold first with its proceeds to be applied first to the satisfaction of the judgment—the proceeds of the sale of Tract B were subject to a prior lien of Capitol Federal Savings & Loan); the court also referred to the published notice of sale which stated that the sale would be in accordance with the judgment in the case and that these sources adequately advised Kimberling of the method of sale. Kimberling did not appear at this confirmation hearing although, as a courtesy, Overland Park Savings and Loan Association had notified it of the hearing.

On May 5, 1980, appellant Kimberling filed its motion to set aside the order confirming the sale and it sought other equitable relief concerning the sale. The trial court denied the motion and this appeal ensued.

Appellant's motion can only be treated as one for relief from a

judgment or order under K.S.A. 60-260(*b*)(6), the catch-all of these mutually exclusive subsections. Under subsection 6, providing relief from a judgment or order for "any other reason justifying relief from the operations of the judgment," a trial court is vested with broad discretion in doing equity appropriate to the particular circumstances. The court has power to correct manifest injustice, the extent and limits of which we need not delineate here.

Appellant asserts several reasons why the sheriff's sale should be voided. It urges it was a contingently necessary party to the proceedings, citing *Lenexa State Bank & Trust Co. v. Dixon,* 221 Kan. 238, 559 P.2d 776 (1977) for its proposition that, rather than voluntarily intervening, it should have been joined as a necessary party in the foreclosure action. However, in *Lenexa* the adverse mechanic's lien holders had interests of record prior to the foreclosure judgment but the foreclosing bank chose to ignore them. That is not the situation here and *Lenexa* is inapplicable.

Appellant Kimberling concealed its connection with the Shawnee property until it filed its deed eleven minutes prior to the sheriff's sale. Overland Park Savings and Loan Association's counsel first learned of Thomas Brooks' connection in off-the-record comments by Mr. Braden. Braden did not know to whom the conveyance was actually made. The discussion was in the presence of Mrs. Brooks. For reasons not shown, she chose not to throw any light on the subject. At the time judgment was taken Overland Park Savings and Loan Association's counsel still did not know who the grantee was and learned only after post-hearing inquiry of Mr. Brooks. Mr. Brooks was aware of the sequence in which the two properties would be sold and was present at the sheriff's sale and presumably observed the proceedings. Although informally notified of the hearing on appellee's motion to confirm the sale, he or his appellant company did not appear to voice any objection to the proceedings. Objection was first made only after the Stillwell property was redeemed per the procedure prescribed and approved by the court. No good reason for the delay has been suggested.

The trial court in its memorandum denying relief noted all the above, that the Brooks are attorneys, and that their knowledge of both the law and the proceedings herein is to be imputed to the corporation "inasmuch as Mr. and Mrs. Brooks are the corporation." The court also adopted, by reference to Overland Park

Savings and Loan Association's trial brief, the position that appellant cannot conceal its identity and then complain that it should have been joined as a defendant; further, the Bradens, as well as Overland Park Savings and Loan Association, would be prejudiced in the light of the redemptions already made by them and a subsequent sale to bona fide purchasers; and finally, that at the time the matter was briefed, the six-month redemption period had nearly expired.

It is a basic tenet of equity that he who will not speak when he should, will not be allowed to speak when he would. *Gray v. Crockett,* 35 Kan. 66, 74, 10 Pac. 452 (1886). Similarly, it has been stated:

"Where a party stands by and sees another who, in good faith, deals with property inconsistent with the first person's interest and that person makes no objection, he is estopped to deny the validity of the action on the part of the second person." *Thaxton v. Beard,* 157 W. Va. 381, 387, 201 S.E.2d 298 (1973).

In *Chowning, Inc. v. Dupree,* 6 Kan. App. 2d 140, 143, 626 P.2d 1240 (1981), this was said:

" 'The broad language of K.S.A. 60-260(*b*)(6) authorizing relief for "any other reason justifying relief from the operation of the judgment" gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice. This power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests.' "

See also *Neagle v. Brooks,* 203 Kan. 323, Syl. ¶ 5, 454 P.2d 544 (1969).

Let us examine appellant's further complaints. It says that if it had been joined it could have objected to Overland Park Savings and Loan Association's alleged agreement with the Bradens to allocate 85 percent of its total judgment as its bid on Tract A and 15 percent on Tract B (OPS&L bid $92,040.75 on Tract A and $16,242 on Tract B). Appellant wanted Tract A to bear more of the judgment so it could redeem Tract B for less money. If the confirmation were set aside, appellant would have Tract A bear $105,000 of the judgment, on the basis of its fair market value as evidenced by its subsequent sale by the Bradens after their redemption.

Appellant implies the existence of a conspiracy between Overland Park Savings and Loan Association and the Bradens, but nothing so sinister appears. Rather, the mechanics of the sale and

the bids were the product of a unilateral business decision by Overland Park Savings and Loan Association based on its interest in the two tracts, on one of which (Tract B) it had a second mortgage. The indebtedness on the two properties was prorated, based on the estimated value of each. Overland Park Savings and Loan Association did advise the Bradens of this decision so they could proceed accordingly with their own plans.

Legally, the trial court was not obligated to establish an upset price (*Liberty Savings & Loan Ass'n v. Jones,* 143 Kan. 422, 54 P.2d 937 [1936]). Similarly, confirmation of a bid less than the full judgment is not improper. *Equitable Life Assur. Soc. v. Shearer,* 142 Kan. 310, 46 P.2d 869 (1935). Also, the court may apportion costs between lots. *Aetna Building & Loan Ass'n v. Reverend,* 144 Kan. 307, 58 P.2d 1138 (1936). No reason for change appears here.

Appellant further asserts it would have contested the inclusion in appellee's judgment the sum of $824.25 in unpaid closing costs. Contrary to appellant's assertion of lack of authority for this, the note included a proviso for payment of the entire indebtedness "including . . . future advances" and the mortgage secured payment of the principal sum "together with such charges and advances" as may be payable under the note. This cost does not appear to be improper under the circumstances.

Appellant further urges it should not have been burdened with the costs of three depositions taken in the Bradens' damage action but never used at trial, which costs were made a part of the judgment in the consolidated case. We agree. The rule on this was stated in *Wood v. Gautier,* 201 Kan. 74, Syl. ¶ 3, 439 P.2d 73 (1968):

"Charges for discovery depositions, not used as evidence, are ordinarily not taxable as costs. The burden of proving any exception to this rule rests upon the party claiming the costs."

The depositions were taken in a case in which appellant was never a party. We do not believe the situation is so exceptional as to warrant the taxation of these charges as costs in the foreclosure judgment and it is ordered that appellant be reimbursed for the amount of the charge.

The judgment denying relief, as modified with respect to the deposition charge, is affirmed.

Judgment affirmed as modified.