No. 58,256

In the Matter of the Marriage of CAROLYN MARIE ZODROW,
*Appellant,* and THOMAS JOHN ZODROW, *Appellee.*

(727 P.2d 435)

Opinion filed October 31, 1986.

*Karen L. Griffiths,* of Sebelius & Griffiths, of Norton, argued the cause and was on the brief for the appellant.

*Michael H. Haas,* of Fromme Law Office, of Hoxie, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal from a postjudgment ruling in a divorce case denying the petitioner/wife's motion for relief pursuant to K.S.A. 60-260(b) and refusing to order a blood test to assist in the determination of the paternity of a minor child born during the marriage of the parties. The Court of Appeals reversed in an unpublished opinion. The Supreme Court granted the petition for review filed by the respondent/husband.

Most of the facts in the case are undisputed and essentially are as follows: Thomas John Zodrow (Tom), the respondent/appellee and Carolyn Marie Zodrow (Carolyn), the petitioner/appellant, were married on September 29, 1979. Two children were born to the parties during the marital relationship. Amanda Kay Zodrow was born September 26, 1980, and Leigh Christopher Zodrow was born April 22, 1982. Marital troubles developed, and, on March 22, 1984, Carolyn Zodrow filed a verified petition for divorce on the grounds of incompatibility alleging that two children, Amanda and Leigh Christopher, were born to the marriage. The divorce case was tried to the court on July 20, 1984. The only contested issues at the trial were property divi-

sion and child support. In the journal entry of divorce, the district court found the best interests of the minor children would be served by granting joint custody of the children to the parties, with the primary residence to be with the mother with summer and liberal rights of visitation to the father. Child support was to be paid by Tom, who was also to maintain medical and health insurance for both children. Thereafter, difficulties developed over Tom's rights of visitation.

On January 9, 1985, Tom filed a motion for modification of the divorce decree relative to visitation rights requesting more specific times for visitation. A full evidentiary hearing was held on February 6, 1985, after which the court enlarged Tom's rights of visitation. At that hearing, Carolyn raised no issue as to Tom not being the father of Leigh Christopher. Apparently, further bitterness developed thereafter.

On March 13, 1985, Carolyn filed a motion for modification of the divorce decree. The motion alleged that, after the granting of the divorce, it had come to her attention as the result of certain paternity testing that the respondent, Thomas Zodrow, is not the father of the minor child, Leigh Christopher Zodrow. The motion requested that Tom Zodrow be ordered to submit to blood testing to assist in determining the parentage of Leigh Christopher. The petition further stated, that should the blood test and other tests show that Thomas Zodrow is not the father of Leigh Christoper, the court decree of July 20, 1984, should be modified to reflect the identity of the actual father of the child and that child support and visitation should be adjusted accordingly. On March 21, 1985, Carolyn Zodrow filed an amended motion pursuant to K.S.A. 60-260(b) moving the court for relief from the final judgment and decree of divorce. This motion alleged that since the decree of divorce, the actual father of the child had expressed his desire of actually exercising his support and paternity to the child. The name of the claimed actual father was not included in the motion.

Carolyn, at the hearing on the motion which was accomplished in a telephone conference call, claimed that Leigh Christopher Zodrow was conceived in an extramarital affair with her husband's first cousin, who was also his business partner. Carolyn wanted the court to make a finding that the natural father of Leigh is in fact that first cousin, whom she had married on April

8, 1985. The record contains a letter report from the Midwest Organ Bank stating that, based upon blood tests of the mother, the child, and the cousin, it is "678 times more likely" that the cousin is the biological father "than a random, unrelated Caucasian man."

Tom Zodrow adamantly denied that he had any knowledge of any extramarital lark between Carolyn and his cousin. He strongly maintained that he was the father of Leigh Christopher and that he cared for the child and wanted to support him.

As noted above, Carolyn Zodrow based her motion for modification of the divorce decree on K.S.A. 60-260(b), which provides as follows:

*"(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subsection (b) does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in K.S.A. 60-309 or to set aside a judgment for fraud upon the court. Writs of *coram nobis, coram vobis, audita querela,* and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in this article or by an independent action."

Carolyn relied upon paragraphs (2), (5), and (6) of K.S.A. 60-260(b) as a basis for her motion. She took the position that, in view of the discovery of the true paternity of Leigh Christopher, it would no longer be equitable for the divorce decree to have prospective application under (b) (5) and that the circumstances presented a case justifying relief from the operation of the judgment under (b)(6). At the close of the conference call, the trial court denied her relief on her motion. The trial judge stated for the record he could not find excusable neglect. He found that

there was no newly discovered evidence since, by Carolyn Zodrow's own admission, the evidence had been there for some period of time. Although the trial court did not find fraud on the part of either party, he stated that, if there was any fraud, it certainly would be on the part of Mrs. Zodrow. The court then looked at the overall circumstances presented in the case and concluded that it would not serve the interests of justice to grant the motion. The court noted that it was faced not only with the three-year-old child, Leigh Christopher, but also the older child, Amanda. The court felt that it was not in the best interests of either of the children to grant the motion. The court stated that it had a feeling that Carolyn Zodrow had been playing games with the court, keeping the ace up her sleeve until it was most advantageous to play that card, and that the judgment of divorce should not be set aside pursuant to K.S.A. 60-260(b). The court denied the motion that Tom Zodrow submit himself to the blood test, stating that, whatever the outcome of the test, it would not be persuasive to set aside the prior judgment. Carolyn Zodrow appealed to the Court of Appeals where the case was argued and submitted.

On April 10, 1986, the Court of Appeals reversed the decision of the district court and remanded the case for further proceedings. In the opinion, the Court of Appeals stated that a ruling on a motion to vacate and set aside a judgment rests within the trial court's discretion and is not a matter of right. In order to reverse such a ruling, an appellate court is required to find an abuse of discretion by the trial court, and the burden of proving sufficient grounds for such relief by clear and convincing evidence rests upon the movant. *Lee v. Brown*, 210 Kan. 168, 170, 499 P.2d 1076 (1972). Discretion is abused only where no reasonable person would take the view adopted by the trial court. *Powell v. Powell*, 231 Kan. 456, 459, 648 P.2d 218 (1982). The Court of Appeals cited the case of *Overland Park Savings & Loan Ass'n v. Braden*, 6 Kan. App. 2d 876, Syl. ¶ 2, 636 P.2d 797 (1981), for the following legal principles:

"The power to set aside judgments under the foregoing (K.S.A. 60-260[b][6]) is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests."

The Court of Appeals recognized the only Kansas case which

presents similar issues, *Besse v. Besse,* 1 Kan. App. 2d 217, 563 P.2d 518, *rev. denied* 221 Kan. 757 (1977). In *Besse,* the parties married before the child was born and they each knew that the husband was not the biological father. Approximately four years later the parties divorced. The wife's petition alleged that the child was born to the parties and the husband's answer admitted the birth as alleged. By property settlement agreement, the husband agreed to pay child support. A year later the husband quit paying child support and filed a motion for relief under K.S.A. 60-260(b)(3), (4), (5), and (6). The wife filed a motion for summary judgment. The trial court granted the wife's motion, concluding that the deliberate choices that the parties had made were binding and that the husband should have taken legal steps to protect himself. The trial court indicated that the husband was playing games with the court, and that finality in litigation was desirable. The Court of Appeals held that the trial court had not abused its discretion, but noted that six months after the trial court's decision and while the case was pending on appeal, another man filed an action asking to relieve the husband of the duty to support and for a finding that he was the biological father of the child. In *Besse,* the court found K.S.A. 60-260(b)(5) and (6) justified remanding the case for a full evidentiary hearing.

The Court of Appeals then stated that during oral argument in the case now before us, the cousin had filed a paternity action in the district court of Clay County. That paternity action was dismissed on venue grounds, and will not be refiled until the present appeal is resolved.

The Court of Appeals noted the Kansas Parentage Act (K.S.A. 1985 Supp. 38-1110 *et seq.*), which gives a district court jurisdiction to join an action to determine parentage with an action for divorce, annulment, separate maintenance, support, or adoption, provides a vehicle by which the presumption of paternity which arises pursuant to K.S.A. 1985 Supp. 38-1114(a)(1) may be rebutted "only by clear and convincing evidence." The Court of Appeals concluded that is precisely what the mother is attempting to do in this case, although she has not joined the proper parties and has not alleged that she is proceeding under the Parentage Act.

The Court of Appeals then applied *Besse* and found that this case should be remanded to the district court with instructions to

proceed with proper joining of parties, appointment of a guardian ad litem who shall be an attorney, an order for blood tests as required by K.S.A. 1985 Supp. 38-1117 and 38-1118, and final adjudication under the Parentage Act.

The court noted that, while support is not an issue in the present case, it might well be in the future. The Court of Appeals, following this rationale, reversed and remanded the case for further proceedings. Thomas Zodrow then filed a petition for review which was granted by the Supreme Court.

The two basic issues raised on the appeal are as follows:

(1) Did the trial court err in failing to sustain Carolyn Zodrow's motion for relief from the divorce decree pursuant to K.S.A. 60-260(b); and

(2) Did the trial court err in refusing to order Thomas Zodrow to submit to testing pursuant to K.S.A. 23-131 (repealed L. 1985, ch. 114, § 30, effective July 1, 1985)?

We have concluded that the trial court correctly determined the motions and that the Court of Appeals was in error in reversing and remanding the case.

The Court of Appeals did not find that the trial court had abused its discretion in overruling the petitioner's motions. We have carefully examined the factual circumstances in *Besse v. Besse* and find they differ in certain respects from the factual circumstances in the present case.

In this case, there was no paternity action pending at the time the district court overruled the motion and no admission by the cousin that he was the father of the child. In *Besse*, nearly six months after the trial court's dismissal of the husband's motion to modify the judgment, there was filed in the *same court* a petition by Robert Stanley Klein, the other claimed father, and the ex-husband naming as defendants the wife, the child, and the Kansas State Registrar of Vital Statistics. In the petition, the other man, Klein, stated that he was the natural father of the child. The relief sought by both Klein and the ex-husband was an order determining the plaintiff, Robert Stanley Klein, to be the father of Vance Reid Besse and that the plaintiff Besse be relieved of support. At oral argument, in *Besse*, the ex-husband stated that the case was then pending in the same district court. Because of those peculiar circumstances, the Court of Appeals concluded that the ends of justice and the interests of all the parties

required the case to be reversed and a full evidentiary hearing had with all interested parties present to determine the paternity of the child. In the present case, there is no case now pending under the Kansas Parentage Act which could be consolidated with the present divorce case to determine parentage.

In the present case Thomas Zodrow takes the position that he wants to support the child both financially and with his love and care. In *Besse*, the ex-husband wanted to escape any obligation he had to support the child. In *Besse*, both the husband and wife admitted that they knew Mr. Besse was not the biological father of the child at the time of the marriage and divorce. In the present case, Tom Zodrow has maintained throughout the litigation that he is the father of the child.

In *Besse*, there were no other children involved whose interests were to be considered. In the present case, the trial court correctly perceived that the dynamics of the situation involved three adults and two children and that their lives are now inextricably intertwined. The trial court's finding continued a relationship that otherwise might be severed. The trial court was properly concerned as to what effect an amendment of the divorce decree would have on both Amanda and Leigh Christopher.

The record is undisputed that, at the time of the hearing on Thomas Zodrow's motion to enforce his visitation rights, Carolyn Zodrow had already received the results of the blood tests and did not present them to the trial court. She only took the position that Tom Zodrow should be denied visitation rights. In the present case, the child Leigh Christopher and the cousin are not parties to this litigation. The only parties are Carolyn Zodrow and Thomas Zodrow. As noted above, there is no action now pending brought by the cousin to determine whether he is the father of the child.

Under all of the circumstances, we cannot say that the trial court abused its discretion in denying the motion of Carolyn Zodrow to modify the decree of divorce or in refusing to require Tom Zodrow to submit to a blood test.

The judgment of the district court is affirmed. The judgment of the Court of Appeals is reversed.