(361 P.3d 515)
No. 112,768

MORTON COUNTY HOSPITAL, *Appellee*, v. DONALD L. HOWELL, *Appellant*.

 Opinion filed October 30, 2015. 

*Razmi Tahirkheli*, of Tahirkheli Law Office, LLC, of Elkhart, for appellant.

*Sean T. Carver*, of Carver & Brehm, of Wichita, for appellee.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.: A judgment, once entered, may be vacated and reconsidered on the merits if the entity against which it has been entered is able to establish excusable neglect in not challenging the judgment. Donald L. Howell was served with a petition and summons to appear in a limited actions case being brought against him by Morton County Hospital for money he allegedly owed it. Howell appeared and admitted the allegations. A judgment was entered against him. Exactly 1 year later, Howell filed a motion to set aside the judgment claiming excusable neglect. Howell claimed his neglect was excusable because he "did not understand the allegations" he admitted to at the hearing. The district court denied the motion. Because we find that the district court

did not abuse its discretion when it found that Howell's stated reasons did not constitute excusable neglect, we affirm the district court's refusal to set aside the judgment against him.

## FACTUAL AND PROCEDURAL HISTORY

On February 19, 2013, Howell appeared in the Morton County District Court in response to a petition and summons from Morton County Hospital (Hospital) alleging that he owed Hospital money for services it had provided. At the hearing, Howell admitted he had received services and had an outstanding balance. The district court entered a judgment against Howell.

Several months later, in an attempt to collect the money owed it, Hospital obtained an order of garnishment against Howell's bank account. The garnishment was unsuccessful, and on January 9, 2014, Hospital requested a hearing in aid of execution. On January 11, 2014, Howell was served with an order to appear at the requested hearing.

On February 19, 2014, exactly 1 year after the judgment had been entered against him, Howell filed a K.S.A. 2014 Supp. 60-260(b)(1) motion to set aside the judgment for excusable neglect. In the motion, Howell argued that, although Howell appeared at the hearing and admitted liability, the judgment was essentially a default judgment because Howell did not understand the allegations contained in Hospital's petition. Howell argues that a new trial should be granted because default judgments are disfavored by the courts. In denying Howell's motion, the district court rejected his argument that the judgment was in essence a default judgment. The district court concluded that Hospital would be prejudiced if the judgment was set aside and that, in any case, Howell had failed to show excusable neglect. Howell filed a timely appeal.

## JURISDICTION TO CONSIDER THE MERITS OF HOWELL'S MOTION

Prior to addressing the merits of the case, Hospital argues that the district court lacked jurisdiction to consider Howell's K.S.A. 2014 Supp. 60-260(b) motion to set aside the judgment. Whether jurisdiction exists is a question of law over which this court has

unlimited review. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). If the district court lacked jurisdiction to consider the motion, this court does not acquire jurisdiction over the subject matter on appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012).

Hospital makes three alternative arguments regarding jurisdiction. First, it argues that if the judgment against Howell was a default judgment, Howell failed to appeal it within 14 days, thus depriving the court of jurisdiction to consider the motion. Second, if the judgment was not a default judgment, the district court erred in applying K.S.A. 2014 Supp. 60-260(b) in this case and should instead have applied either K.S.A. 2014 Supp. 60-252(b) (amended or additional findings) or K.S.A. 2014 Supp. 60-259(b) (motion for new trial), which are incorporated in the civil procedure for limited actions under K.S.A. 2014 Supp. 61-2912(h), (j), and K.S.A. 2014 Supp. 61-3304, with a 28-day time limit for filing the motion. Finally, Hospital argues that Howell's motion was not filed within a reasonable time as required by K.S.A. 2014 Supp. 60-260(c)(1).

Hospital's first two arguments both miss the mark. First, the judgment in this case was clearly not a default judgment. In the journal entry of judgment, the district court found that the defendant appeared and admitted the allegations contained in the petition. In the order denying the defendant's motion to set aside the verdict, the district court reaffirmed this fact, noting that "this is a confessed judgment and not a default judgment." The rules related to default judgments are simply inapplicable here.

Hospital's second argument is that Howell should have been restricted to challenging the district court's findings under K.S.A. 2014 Supp. 60-252 or K.S.A. 2014 Supp. 60-259 rather than K.S.A. 2014 Supp. 60-260 because K.S.A. 2014 Supp. 60-260 is inconsistent with other provisions of Chapter 61 governing limited actions. Hospital cites no caselaw for this proposition. To adopt Hospital's position would be to read out of existence portions of K.S.A. 2014 Supp. 61-3304 and K.S.A. 2014 Supp. 61-2912(k) that specifically adopt K.S.A. 2014 Supp. 60-260 for use in limited actions. Hospital's argument asks this court to violate one of the fundamental rules of statutory interpretation, that courts should construe stat-

utes to avoid unreasonable or absurd results and should presume the legislature does not intend to enact meaningless legislation. *Fisher v. DeCarvalho*, 298 Kan. 482, 495, 314 P.3d 214 (2013).

Finally, Hospital goes on to address the real jurisdictional question presented by Howell's motion to set aside the judgment: whether Howell met the time frame set out in K.S.A. 2014 Supp. 60-260(c). K.S.A. 2014 Supp. 60-260(c)(1) reads: "A motion under subsection (b) must be made within a *reasonable* time, and for reasons under paragraphs (b)(1), (2) and (3) no more than one year after the entry of the judgment or order." (Emphasis added.) Howell argues that his judgment should be set aside due to excusable neglect, a reason contained in K.S.A. 2014 Supp. 60-260(b)(1) and implicating the 1-year time limit.

Hospital recognizes that Howell's motion was filed within 1 year of the journal entry of judgment, but it argues for the first time on appeal that the motion should be considered to have been filed out of time because the delay was unreasonable. Generally, issues not raised in the district court cannot be considered on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). However, the issue of whether a court has subject matter jurisdiction over a claim may be raised at any time. *Shipe v. Public Wholesale Water Supply Dist. No. 25*, 289 Kan. 160, 166, 210 P.3d 105 (2009). As previously mentioned, if the district court lacked jurisdiction to consider the merits of a motion, this court also lacks jurisdiction on appeal. *Ryser*, 295 Kan. at 456.

*The district court had jurisdiction to determine whether the delay in filing a motion to set aside judgment was reasonable.*

The 1-year period set out in K.S.A. 2014 Supp. 60-260(c)(1) represents an extreme limit and a motion filed thereunder may be rejected as untimely if not made within a "reasonable time" even though it was filed within 1 year. *In re Marriage of Larson*, 257 Kan. 456, 459-60, 894 P.2d 809 (1995). Similarly, federal courts interpreting Federal Rule of Civil Procedure 60, which K.S.A. 2014 Supp. 60-260 is modeled after, have addressed the (b)(1) timing issue and have held that motions brought under Rule 60(b)(1) may

be time barred even if they are brought within 1 year. See *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1177-78 (10th Cir. 2005).

District courts have the responsibility under K.S.A. 2014 Supp. 60-260(c)(1) to make a determination regarding whether a motion to set aside the judgment was filed within a reasonable time after the judgment or order was entered. The district court may decline to hear or address a motion on its merits if the court finds that the motion was not brought within a reasonable time, despite the fact that it was brought within 1 year. In other words, the 1-year limitation provides an outer limit beyond which motions filed under K.S.A. 60-260(b)(1), (2), and (3) will necessarily be untimely. See *Marriage of Larson*, 257 Kan. at 461-63.

By necessity, there is subject matter jurisdiction for the district court to consider whether a motion filed under K.S.A. 2014 Supp. 60-260(b) has been filed within a reasonable time. See *Graham v. Herring*, 297 Kan. 847, 856-57, 305 P.3d 585 (2013) (finding that K.S.A. 2012 Supp. 60-225(a)(1)—which requires a motion for substitution of a party be made within a reasonable time—necessarily gives rise to limited jurisdiction for the court to consider the issue of whether the motion was filed within a reasonable time). Furthermore, even if the reasonableness of the timing of a motion is not addressed by the district court, an appellate court may consider the issue on appeal. See *In re Marriage of Leedy*, 279 Kan. 311, 323-24, 109 P.3d 1130 (2005). Accordingly, we next consider Hospital's argument concerning the timeliness of Howell's motion despite the fact that it is first being raised on appeal.

*The district court did not abuse its discretion in implicitly finding that Howell's 1-year delay in filing his motion was reasonable.*

Although the issue of jurisdiction turns on the district court's determination regarding whether Howell's K.S.A. 2014 Supp. 60-260(b)(1) motion was filed within a reasonable time, the district court's decision is reviewed for abuse of discretion. See *In re Marriage of Larson*, 257 Kan. at 463. A judicial action constitutes an abuse of discretion if the action it (1) arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*,

296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

The problem here is that the district court did not specifically address whether Howell's motion was filed within a reasonable time and Hospital never argued that it was untimely. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012) (When no objection is made to a district court's inadequate findings of fact or conclusions of law, appellate court can presume the district court found all facts necessary to support its judgment.). Nevertheless, since the district court addressed the motion on its merits, we can assume it found in Howell's favor on the timing issue. See *In re Marriage of Leedy*, 279 Kan. at 323-24 ("Implied in the trial judge's ruling is a determination that Leedy's request for relief was timely . . . . There was no mention, however, of the reasonableness of the timing of his request."). So we next determine whether this constituted an abuse of discretion.

When deciding whether a K.S.A. 2014 Supp. 60-260(b)(1) motion is filed within a reasonable time, the Kansas Supreme Court has instructed courts to consider all the facts of the case, looking especially at: (1) whether the delay will prejudice the parties and (2) whether the party filing the motion has shown good cause for any delay. *In re Marriage of Larson*, 257 Kan. at 464. As the delay in making the motion approaches one year there should be corresponding increase in the burden that must be carried to show that the delay was reasonable. 257 Kan. at 464.

When considering the motion on the merits, the district court found that sustaining Howell's motion would prejudice Hospital because it had spent considerable time and effort obtaining and attempting to collect the judgment entered against Howell. This conclusion is supported by the record. In addition to the initial petition and hearing which led to the judgment against Howell, Hospital obtained an order for garnishment of Howell's bank account and later initiated a hearing in aid of execution in an attempt to collect the still unpaid judgment. Howell counters that when a court is determining whether a default judgment should be set aside, the court likewise considers whether the nondefaulting party will be prejudiced. But prejudice in the context of default judg-

ments has been found to mean impairment of the ability to litigate the claim, not the normal burdens associated with the trial process. See *French v. Moore*, No. 102,170, 2010 WL 481280, at *4 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 912 (2011). There have been no cases interpreting prejudice as it relates to the delay in filing a motion to set aside a judgment. We have no trouble finding that the longer the delay in filing a motion under K.S.A. 2014 Supp. 60-260(b) and the more expenses incurred by the nonmoving party to enforce the judgment—which unlike a default judgment has already been determined on the merits—or the more the nonmoving party has relied on the judgment to his or her detriment, the more likely there will be sufficient prejudice to support a finding of unreasonable delay. Accordingly, under the facts of this case, we find no abuse of discretion in the district court's determination that Hospital was prejudiced by the delay.

As to the second factor, the district court did not specifically address whether there was good cause for Howell's delay in filing the motion. Accordingly, we look to the record to determine if the court's action of implicitly finding the delay reasonable (because it subsequently considered the merits of the motion) was an abuse of discretion. Unfortunately, the record on appeal is scant and an affidavit attached to Howell's motion to stay the execution of the judgment contains the only evidence regarding his thought process throughout this litigation. What can be gleaned from the affidavit is that Howell failed to act for nearly 1 year based on the belief that he did not owe Hospital any additional money out of pocket because his insurance would cover whatever amounts were still due. Depending upon the circumstances, this could support a finding that the delay was reasonable.

On the other hand, Howell apparently maintained this belief that the insurance company was paying the bill even after an order of garnishment was entered against his bank account on July 15, 2013, and after he received a notice to appear at a hearing in aid of execution of the judgment on January 11, 2014. The delay between judgment and the filing of his motion was exactly 1 year. The delay between garnishment and the filing of the motion was 8 months.

Even after he was ordered to appear at a hearing in aid of execution of the judgment, Howell waited an additional 1 month and 8 days to hire an attorney and file a motion to have the judgment set aside. There is no evidence in the record that Howell took any steps after these events to clarify his obligations or to dispute the validity of Hospital's claim until February 19, 2014. Any confusion Howell may have had, standing alone in the face of substantial evidence that he had adequate notice of the judgment and its ramifications, could certainly present sufficient basis for a court to find that Howell did not have good cause for the delay.

Even though we might not have reached the same conclusion because the appellate record is sparse due to the failure of the parties to present this issue to the district court or ask for more specific findings and conclusions, we cannot say the court abused its discretion in implicitly finding that Howell's delay in filing his motion under K.S.A. 2014 Supp. 60-260(b)(1) was reasonable under K.S.A. 2014 Supp. 60-260(c)(1). Accordingly, we will examine the merits of Howell's claim of excusable neglect.

## Excusable Neglect Under K.S.A. 2014 Supp. 60-260(b)(1)

*The district court did not err when it denied Howell's motion to set aside the judgment based upon excusable neglect.*

Howell argues that the district court erred when it denied his motion to set aside the judgment on the basis of excusable neglect. Howell's argument is essentially that he did not understand what was happening at the hearing on February 19, 2013, at which he admitted his liability for the debt owed Hospital. He took no additional action in the matter because, until he received a notice to appear for the hearing in aid of execution of the judgment in January 2014, he thought the outstanding balance was going to be paid by his insurance.

The district court found that there was no excusable neglect. It said: "[T]here is no neglect or failure to do something by the defendant. Rather, the defendant showed up and admitted the allegations in the petition." Additionally, the district court found that Hospital would be prejudiced if it granted Howell's motion.

On appeal, a district court's denial of a K.S.A. 2014 Supp. 60-260(b) motion is reviewed for abuse of discretion. *In re Marriage of Larson*, 257 Kan. at 463. As previously noted, judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Northern Natural Gas Co.*, 296 Kan. at 935. Moreover, discretion is considered to have been abused only when no reasonable person would take the view adopted by the trial court. *In re Marriage of Larson*, 257 Kan. at 463.

The Kansas Supreme Court has said that excusable neglect, for the purposes of K.S.A. 60-260(b)(1), "is not susceptible to clear definition. What constitutes excusable neglect under the statute must be determined on a case by case basis under the facts presented." *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978). The party moving for relief under K.S.A. 2014 Supp. 60-260(b)(1) bears the burden of pleading and proving excusable neglect by clear and convincing evidence. *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 173, 61 P.3d 687 (2003). A review of cases applying the excusable neglect standard in the context of a motion to set aside a judgment is helpful in analyzing whether the facts of this case support a finding of excusable neglect.

In *Canaan v. Bartee*, 272 Kan. 720, 738-39, 35 P.3d 841 (2001), the Kansas Supreme Court found that the district court abused its discretion when it failed to grant the defendants' motion to set aside the judgment based on excusable neglect. There, the defendants' attorney failed to properly defend the case or keep his clients apprised of new developments. The court said that the attorney's "conduct as an officer of the court [was] so egregious that it permeates [the] entire record. The foul professional odor that arises from his representation supports our excusable neglect finding." 272 Kan. at 739.

On the other hand, this court upheld a district court's denial of a K.S.A. 60-260(b)(1) motion based on its finding that the appellant knew documents crucial to his case existed but failed to take any steps to obtain them during the course of the litigation. *In re Estate of Eccleston*, No. 105,778, 2012 WL 2476984, at *3 (Kan. App. 2012) (unpublished opinion). This court found that the appellant's

excuse that he was not granted access to the filing cabinet where the documents were kept, when he had other avenues available to obtain the documents, did not constitute excusable neglect. 2012 WL 2476984, at *2-4.

Likewise, here, Howell was aware of the charges pending against him. He attended the hearing on the matter, admitted his liability, and took no additional steps—before, during, or after the hearing—to contest the claims in Hospital's petition. There is no evidence that Howell asked questions about what the judgment meant, that he consulted an attorney for advice after receiving the judgment, that he contacted his insurance carrier to follow up regarding its liability for the debt, or that he did anything at all related to the judgment for almost an entire year after it was entered against him. Some action by Howell would have been necessary to make his neglect excusable.

Although Howell now claims that he was confused at the hearing, this is not clear from the record and would not save his claim even if it was. A pro se litigant "cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented," so confusion related to proceedings does not qualify as excusable neglect. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986). A party remains under a legal duty to take action to protect his or her interests. See *Overland Park Savings & Loan Ass'n v. Braden*, 6 Kan. App. 2d 876, Syl. ¶ 2, 636 P.2d 797 (1981).

Some action by Howell would have been necessary to make his neglect excusable. As it is, there is simply not sufficient evidence in the record for this court to find Howell's neglect was excusable so that the district court abused its discretion in denying Howell's motion to set aside the verdict.

Affirmed.