No. 63,794

WINSLOW BEAVER AND KENNETH E. GOODMAN, Individually and
on behalf of all others similarly situated, *Appellees*, v. WIN-
IFRED KINGMAN, VELMA PARIS, and ERIC K. RUCKER, Com-
missioners of Shawnee County, Kansas; and RICHARD MILLS,
Secretary of Corrections, State of Kansas, *Appellants.*

(785 P.2d 998)

Opinion filed January 19, 1990.

*Douglas F. Martin,* county counselor, argued the cause, and was on the
brief for appellants.

*Larry R. Rute,* of Kansas Legal Services, Inc., of Topeka, argued the
cause, and *Lowell C. Paul,* of the same office, was with him on the brief
for appellees.

The opinion of the court was delivered by

SIX, J.: At issue in this appeal is the termination date of district
court jurisdiction over the Shawnee County Jail; we must decide
whether the district court retains jurisdiction over the Shawnee
County jail after April 1, 1989. The case presents legal questions

relating to consent judgments (decrees), jurisdiction, and contract interpretation.

The Shawnee County Commissioners and the Kansas Secretary of Corrections appeal from the district court's denial of their motion to confirm the end of the district court's jurisdiction. The trial judge reasoned that district court jurisdiction continued. We reach the opposite conclusion and reverse the district court.

## Facts

This case originated as two separate habeas corpus actions filed in 1974 by the plaintiffs, Winslow Beaver and Kenneth E. Goodman, inmates of the Shawnee County Jail. Beaver and Goodman challenged the conditions of their confinement. The Legal Aid Society of Topeka was assigned to represent them.

Beaver and Goodman subsequently filed a new petition in which they purported to represent all past, present, and future inmates as a class pursuant to K.S.A. 60-223. The petition sought declaratory and injunctive relief. The district court initially dismissed the action, finding that it did not have subject matter jurisdiction. The district court reasoned that because Beaver and Goodman were no longer in jail they could not represent the class and that the nature of the action was such that it could not be certified as a class action. The dismissal was reversed by the Kansas Court of Appeals in *Beaver v. Chaffee,* 2 Kan. App. 2d 364, 372-73, 579 P.2d 1217 (1978).

The Court of Appeals categorized the complaints of the inmates into six different areas:

"(1) The physical facilities were alleged to be inadequate, resulting in overcrowding and conditions hazardous to health and safety. (2) The jail's personnel are said to be inadequate in number, training and ethnic mix, resulting in beatings and sexual assaults among the inmates. (3) It is claimed that the inmates are not properly classified and segregated, particularly by age and sex, and are not afforded proper exercise or programs aimed at vocational training or other types of rehabilitation. (4) The food is said to be of poor quality, poorly prepared, and infested with insects and vermin. (5) The policies and procedures for governing the jail are alleged to be vague, and not properly followed anyway, resulting in harsh and arbitrary discipline. (6) It is alleged that inmate mail is improperly censored, and facilities for attorney-client conferences are inadequate." 2 Kan. App. 2d at 365-66.

On remand, the parties entered into a consent judgment which was approved and signed by the assigned district judge, the Honorable Robert L. Gernon, on May 6, 1983. It is this consent judgment that is now before us for review.

The consent judgment required the Shawnee County Commissioners to construct a new county jail and to comply with the minimum standards for administrative operations set forth at K.S.A. 75-5228(a). A new policy and procedure manual and a population control plan were subsequently drafted, approved by the district court, and made part of the consent judgment. The consent judgment also contained provisions dealing with specific problems in the existing jail (*e.g.* overcrowding and inadequate staffing).

Paragraph 43 of the consent judgment stated: "This court shall retain continuing jurisdiction concerning all matters covered by this Consent Judgment and Order until one year from the date of occupancy of the new jail facility."

The parties disagree as to the interpretation of paragraph 43.

The parties stipulated that the date of occupancy of the new jail facility was March 31, 1988. The Shawnee County Commissioners and the Kansas Secretary of Corrections moved the district court to confirm that its jurisdiction over the lawsuit would be terminated on April 1, 1989. Judge Gernon was appointed to the Kansas Court of Appeals in April 1988. The case was then assigned to the Honorable Paul E. Miller. Judge Miller, in ruling against the motion to terminate jurisdiction, made the following comments:

"Clearly, the history of this case indicates that neither the parties nor the court contemplated that one year after occupancy the Court would walk away from this case and never look back. This would be the net effect if the Court no longer had 'jurisdiction' over the lawsuit as of that date. The law does not contemplate this result. It is apparent that what was contemplated by the consent decree was that this Court would no longer be involved in the exercise of direct supervisory authority over the operation of the jail nor would matters relating to operations require court approval after the 'expiration' date.

. . . .

"IT IS THEREFORE BY THE COURT ORDERED, ADJUDGED AND DECREED that defendants' [Shawnee County Commissioners and Kansas Secretary of Corrections] motion to confirm the end of jurisdiction BE and

IT IS HEREBY denied insofar as it relates to jurisdiction. IT IS FURTHER ORDERED that it be sustained insofar as the request relates to termination of direct supervision by this Court. After April 1, 1989, this Court will only entertain matters herein which relate to violations of or applications for modification of the orders previously made herein."

## The Consent Judgment

The Shawnee County Commissioners and the Kansas Secretary of Corrections argue that, by the terms of the consent judgment, the jurisdiction of the district court terminated one year from the occupancy of the new jail facility. They contend the district court erred in not terminating its jurisdiction as of April 1, 1989. We agree.

A number of federal cases have discussed the nature and interpretation of consent decrees.

"It is clear that consent decrees are construed according to precepts of contract construction. [Citation omitted.] Thus, the interpretation of consent decree provisions, like the interpretation of contract provisions, is a matter of law and subject to plenary review on appeal. [Citations omitted.] The district court's views on interpretation, however, are entitled to deference." *United States v. Board of Educ. of City of Chicago,* 717 F.2d 378, 382 (7th Cir. 1983).

"It is well-settled that consent decrees once entered are not inviolate. [Citations omitted.] Where a court is supervising a case involving continually changing conditions, the court retains the power to modify a consent decree. . . . The decision to modify or not to modify a consent decree lies within the discretion of the district court. [Citations omitted.]" *Ruiz v. Lynaugh,* 811 F.2d 856, 860 (5th Cir. 1987).

"A consent decree is essentially a settlement agreement subject to continued judicial policing." *Williams v. Vukovich,* 720 F.2d 909, 920 (6th Cir. 1983).

Unless the consent judgment has an expiration date written into its terms, it remains in effect for an indefinite period until it is dissolved. Consent judgments (decrees) are a hybrid in the sense that they are at once both contracts and orders. They are construed largely as contracts but are enforced as orders. A consent judgment represents a compromise between parties who have waived their right to litigation. The parties, in the interest of avoiding the risk and expense of suit, have given up something they might have won had they proceeded with litigation. For these reasons the scope of a consent judgment must be discerned within its four corners and not by reference to what might satisfy

the purposes of one of the parties. The court is not entitled to expand or contract the agreement of the parties as set forth in the consent judgment. The explicit language of the judgment is to be given great weight. Deference is to be paid to the plain meaning of the language of a judgment and the normal usage of the terms selected. *Berger v. Heckler,* 771 F.2d 1556, 1568 (2d Cir. 1985). A consent judgment should be strictly construed to preserve the bargained for position of the parties. *Williams v. Vukovich,* 720 F.2d at 920. Court jurisdiction, absent a breach of the terms of the consent judgment by the party seeking termination, terminates on the expiration date written into its terms.

Our interpretation of the consent judgment at issue in this appeal, which includes paragraph 43, is that the district court's jurisdiction terminated a year after occupancy of the new jail.

The trial judge reasoned that the parties contemplated that, a year after occupancy of the new jail facility, the district court would no longer need to approve day-to-day operations. The trial judge attempted to terminate his direct supervision over the Shawnee County Commissioners and the Kansas Secretary of Corrections while still retaining jurisdiction should Beaver and Goodman allege any additional violations of the consent judgment.

This court has previously stated, "[A] court may not abdicate its duties by relying upon a stipulation of the parties." *In re Petition of City of Shawnee for Annexation of Land,* 236 Kan. 1, Syl. ¶ 6, 687 P.2d 603 (1984). The parties in the instant case agreed to end court jurisdiction one year after the occupancy of the jail. The Shawnee County Commissioners and the Kansas Secretary of Corrections argue that they relied on this agreement. The question remains whether the parties had the authority, upon receiving court approval of the consent judgment, to terminate the court's jurisdiction. We believe that they did.

The Shawnee County Commissioners and the Kansas Secretary of Corrections assert that the alleged unconstitutional acts which created the district court's jurisdiction have now been corrected by compliance with the consent judgment and the construction of the new jail facility. They emphasize that there are no reasonable grounds to anticipate future injury to the plaintiffs and, therefore, there is no justification to continue the consent judgment. There is no evidence in the record before us that the

Shawnee County Commissioners and the Kansas Secretary of Corrections have breached any of the provisions of the consent judgment. On the contrary, in his March 21, 1989 order, the trial judge made the following findings:

"The evidence presented during the year of this Court's personal involvement indicates that Shawnee County authorities have built an award winning facility that meets or exceeds all state, federal, and industry standards. As a general rule operations have run smoothly since occupancy. All persons who have been involved in this litigation either as a party, an employee of a party, or in an advisory capacity have for the most part worked diligently to see that the terms of all orders made during this litigation have been carried out. Now Shawnee County wants to run its jail without having this Court looking over its shoulder. Suffice it to say that this Court is convinced by what it has seen and heard in the last year that it should be allowed to do so.

"It is not the function of this Court to be in the business of overseeing the operation of a jail on a long term basis. That is the job of the Shawnee County Department of Corrections and the County Commissioners. It is time that those entities and people went about their business without further judicial involvement."

We agree with the rationale of the Seventh Circuit Court of Appeals: "[F]ew persons are in a better position to understand the meaning of a consent decree than the district judge who oversaw and approved it." *United States v. Board of Educ. of City of Chicago,* 717 F.2d at 382 (quoting *Brown v. Neeb,* 644 F.2d 551, 568 n. 12 [6th Cir. 1981]).

During the hearing below on the motion to terminate jurisdiction, the trial judge who succeeded Judge Gernon stated:

"I'm satisfied that Judge Gernon thinks that his jurisdiction over this case ended on—in this case March 31st because he told me· so. I've talked to him about this. He thinks—he thought and he suggested to me that the biggest mistake that he ever made in this whole lawsuit was approving the termination of the court's jurisdiction a year after the case was [over] or after the jail was occupied because he lived with it for a lot longer than I did, and he probably felt the need to have continuing court supervision over this case . . . . At some point in time this ship is going to have to sink or swim on its own, and it's a question of when."

Beaver and Goodman contend that paragraph 43 provides for an end to the trial court's active and ongoing role in the formulation, supervision, and monitoring of the provision of the consent decree, but does not require the dissolution of the decree

itself. They reason that the court's inherent jurisdiction to enforce its order is unaffected by paragraph 43. Consent decrees, they argue, are subject to continuing supervision and enforcement by the court which has an affirmative duty to protect the integrity of its decree.

Counsel for Beaver and Goodman, during oral argument, in response to a question from the bench, stated that he was not aware of any case construing a consent judgment containing an agreed date for termination of court jurisdiction.

Written consent judgment expiration dates have received comment in the literature dealing with consent judgments. Court jurisdiction over consent judgments is usually retained for an indefinite period, and, unless the judgment has an expiration date written into its terms, it remains in effect until it is dissolved. Welling and Jones, *Prison Reform Issues for the Eighties: Modification and Dissolution of Injunctions in Federal Courts*, 20 Conn. L. Rev. 865, 886 (1988).

The language of paragraph 43 is persuasive. The parties agreed that following one year from the date of occupancy the district court would no longer retain continuing jurisdiction over matters covered by the consent judgment. The presiding trial judge approved the one-year period. The parties are bound by it.

The Shawnee County Commissioners and the Kansas Secretary of Corrections advance additional arguments which, in their view, support reversal of the district court. They contend the continuing jurisdiction of the district court violates: (a) the law of injunctions; (b) the separation of powers doctrine; and (c) the guarantee of a republican form of government.

We have determined that the language of the consent judgment terminates the district court's jurisdiction as of April 1, 1989; consequently, we need not address additional arguments advanced on appeal.

Reversed.