(892 P.2d 926)
No. 71,280

In the Matter of the Liquidation of
NATIONAL COLONIAL INSURANCE COMPANY.

—

Opinion filed April 7, 1995.

*Steve R. Fabert*, of Fisher, Patterson, Sayler & Smith, of Topeka, for appellant Colonial Charter Holdings, Inc.

*Gretchen Fleischut-Barmann*, of Polsinelli, White, Vardeman & Shalton, A Professional Corporation, of Overland Park, and *Miriam Glueck, Mary Jo Shaney, Linda C. McFee, and Frank A. Caro, Jr.*, of Kansas City, Missouri, for appellee Ron Todd, Commissioner of Insurance.

Before BRISCOE, C.J., ELLIOTT, J., and STEPHEN D. HILL, District Judge, assigned.

ELLIOTT, J.: Colonial Charter Holdings, Inc., (CCH) appeals the trial court's order granting the Kansas Insurance Commissioner's request to extend the deadline for filing claims (bar date)

against National Colonial Insurance Company (NCI), an insolvent insurer.

We reverse and remand with directions.

The facts are essentially undisputed. Ron Todd, as the Kansas Insurance Commissioner, filed a petition for liquidation of NCI. The NCI directors had previously adopted a resolution which "hereby consents" to an order by Division 9 of the Shawnee County District Court for the rehabilitation of the corporation. Division 11 entered the agreed order.

Todd was appointed as liquidator and ordered to notify all potential claimants to file their claims by January 19, 1994. On January 19, 1994, Todd filed an application to amend the agreed order to extend the bar date to July 18, 1994, and the trial court, ex parte, issued an order extending the bar date as requested.

CCH, the sole shareholder of NCI, claims it was not notified of the court's January 19 order. CCH then sent Judge Dowd a letter stating its intention to file an objection to Todd's application. Judge Dowd responded with a letter stating he was "respectfully denying any relief requested."

This appeal eventually followed.

We need to pass over numerous preliminary hurdles before addressing the merits of this appeal.

### Jurisdiction

An insurance company may appeal an order of liquidation. K.S.A. 40-3622(e)(1). The order on appeal here is from an order that "revised and amended" the original liquidation order.

K.S.A. 60-2101(a) allows a party to appeal as of right from an order discharging or modifying a provisional remedy. Receivership orders are provisional remedies. See *Braun v. Pepper*, 224 Kan. 56, 60, 578 P.2d 695 (1978). And the Insurers Supervision, Rehabilitation and Liquidation Act, K.S.A. 40-3605 *et seq.*, defines "receiver" to include a liquidator. K.S.A. 40-3607(o). Thus, the liquidation order is synonymous with a receivership. Accordingly, the liquidation order is a provisional remedy and any modification of it is appealable pursuant to K.S.A. 60-2101(a).

While CCH appealed pursuant to K.S.A. 60-2101(a), that statute does not require an appellant to identify the statute used to

invoke appellate jurisdiction. See generally *State v. Craig*, 254 Kan. 575, 867 P.2d 1013 (1994).

We have jurisdiction to decide this appeal on its merits.

### Mootness

The extended bar date has passed. But we can decide cases, though technically moot, where they involve issues of statewide interest and importance. See *Smith v. Miller*, 213 Kan. 1, 5, 514 P.2d 377 (1973); *Edgington v. City of Overland Park*, 15 Kan. App. 2d 721, 725, 815 P.2d 1116 (1991).

This case involves a series of statutes enacted in 1991 which has generated little case law. The Commissioner and the Shawnee County District Court—the only court with jurisdiction over these cases (K.S.A. 40-3608(b); K.S.A. 40-3609) need roadmaps for this issue, which likely will arise in the future. And this case involves potential claimants (mainly in California), so the appeal has some national interest.

We shall proceed to the merits of this appeal despite the possible mootness.

### Is the agreed order a "consent decree"—and if so, can it be modified ex parte?

CCH, of course, argues the agreed order for liquidation is essentially a consent decree and thus cannot be modified ex parte. Commissioner Todd argues that he, as liquidator, did not compromise anything and did not waive anything, and therefore, the order cannot be a consent decree as contemplated by *Steele v. Guardianship & Conservatorship of Crist*, 251 Kan. 712, 840 P.2d 1107 (1992), and *Beaver v. Kingman*, 246 Kan. 145, 785 P.2d 998 (1990). The "agreed" order, in accordance with the petition, required the liquidator to notify potential claimants to file their claims by January 19, 1994.

By consenting to the petition and the subsequent order, NCI waived its right to "take such actions as are reasonably necessary to defend against the petition [for liquidation]." K.S.A. 40-3620(a). In addition, NCI is deemed to have conceded to the terms of the order because it did not exercise its statutory right to appeal the liquidation order. K.S.A. 40-3622(e)(1). This meets the definition of a consent decree.

Does the district court have the power to modify the consent decree? *Steele* and *Beaver* answer the question in the affirmative. *Steele*, 251 Kan. at 719-20; *Beaver*, 246 Kan. at 148. The ultimate question, then, is under what circumstances may the court order the modification of a consent decree?

At this point, a final preliminary hurdle must be considered. CCH filed this appeal on February 8, 1994, after receiving the trial judge's letter stating he was "respectfully denying any relief requested." On February 18, the trial court set March 18, 1994, to hear arguments on various motions, including CCH's objections to the extension of the bar date.

Todd argues the trial court would have considered those objections but for the fact CCH divested the trial court of jurisdiction by filing the appeal prior to the hearing. We disagree. See Supreme Court Rule 2.03 (1994 Kan. Ct. R. Annot. 8). Further, the trial court is not deprived of jurisdiction to hear and decide a motion to reconsider simply because a notice of appeal is filed prematurely. *Hundley v. Pfuetze*, 18 Kan. App. 2d 755, 757, 858 P.2d 1244 (1993).

Finally, we reach the issue around which this appeal revolves: Did the trial court improperly modify the consent liquidation order ex parte? We answer in the affirmative.

*Brown v. Fitzpatrick*, 224 Kan. 636, 640-41, 585 P.2d 987 (1978), holds that all actions taken pursuant to K.S.A. 60-260(b) must be with due process of law; notice must be given to all parties affected stating the reasons for the proposed action.

There are circumstances under which a district court may itself modify the terms of a consent decree. "Before the court may modify a consent decree under any circumstances, however, it must notify the parties of its intent and afford them an opportunity to present relevant evidence and argument on the need to modify." *U.S. v. State of Colo.*, 937 F.2d 505, 510 (10th Cir. 1991).

The trial court improperly modified the consent decree without notifying the interested parties and holding a hearing. We recognize the potential futility of our holding. On remand, after notice and a hearing, the trial court might validate the extended bar

date we vacate, but at least it will have been after affording basic due process to the parties.

Reversed and remanded with directions to vacate the order extending the claims bar date.