(932 P.2d 466)
No. 76,874

In the Matter of the Marriage of KIMBERLY BURBANK, *Petitioner*, and GERALD BURBANK, *Respondent/Appellee.* JIMMIE HOLYFIELD, *Third-Party Respondent/Appellant.*

Opinion filed February 28, 1997.

*David W. Boal*, of Boal and Jeserich, of Kansas City, for appellant.

No appearance by appellee.

Before Green, P.J., Gernon and ROYSE, JJ.

GERNON, J.: This is an appeal by a paternal grandmother, Jimmie Holyfield, from a district court's ruling that the provisions of K.S.A. 1996 Supp. 60-1610(a)(4)(D)(iii) applied only to "proceedings" at the time of a divorce and not to a post-divorce custody proceeding.

Kimberly and Gerald Burbank were divorced in 1987. They had two minor children. The court entered a joint custody order, with Kimberly designated as the resident parent.

In 1994, the residential custody of the older child was changed to Gerald by court order, without opposition.

The child involved in this proceeding, Joey, was the younger child. Joey had been living with Holyfield for several years, after Kimberly indicated she could not handle the child and asked Holyfield to take him. Apparently this was done without a court order or informing the court.

Gerald then filed a change of custody motion for Joey. Holyfield filed a motion for an ex parte order granting her temporary custody of Joey. Holyfield's motion was granted, but the court eventually granted Gerald's motion for a change of custody based upon the parental preference doctrine. Holyfield appeals that order.

## Is This Appeal Moot?

We must first consider whether this appeal is moot.

While the court granted Gerald's motion, it stayed the execution of the order until the end of the current school year and required that Gerald participate in Joey's counseling. Gerald did not participate in the counseling, and the court set aside the scheduled transfer. Another hearing was scheduled, with the same results. The court ruled that "the transfer of the custody of the minor child from the third-party respondent to the respondent shall not take place."

"The general rule is that this court does not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive. However, where a particular issue, although moot, is one capable of repetition and one of public importance, an appellate court may consider the appeal and render an opinion. *Reece Shirley & Ron's, Inc. v. Retail Store Employees Union & Local 782*, 225 Kan. 470, 471-72, 592 P.2d 433 (1979). This court has sometimes entertained issues which, although moot, were subjects of real controversy and included issues of statewide interest and public importance. See *Smith v. Miller*, 213 Kan. 1, 5, 514 P.2d 377 (1973); *In re Liquidation of Nat'l Colonial Ins. Co.*, 20 Kan. App. 2d 802, 804, 892 P.2d 926 (1995)." *Board of Johnson County Comm'rs. v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996).

"An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." *Shanks v. Nelson*, 258 Kan. 688, Syl. ¶ 3, 907 P.2d 882 (1995).

The trial court indicated that it would consider the issue in the future. Therefore, in the interest of judicial economy and to avoid

confusion as·to the rights of the parties, we conclude that the merits of the appeal should be considered.

## Is K.S.A. 1996 Supp. 60-1610(a)(4)(D)(iii) Applicable Only to Original Divorce Proceedings?

K.S.A. 1996 Supp. 60-1610(a)(4)(D) provides:

*"Nonparental custody.* If during the proceedings the court determines that there is probable cause to believe that: (i) The child is a child in need of care as defined by subsections (a)(1), (2) or (3) of K.S.A. 38-1502 and amendments thereto; (ii) neither parent is fit to have custody; or (iii) the child is currently residing with such child's grandparent, grandparents, aunt or uncle and such relative has had actual physical custody of such child for a significant length of time, the court may award temporary custody of the child to such relative, another person or agency if the court finds the award of custody to such relative, another person or agency is in the best interests of the child. In making such a custody order, the court shall give preference, to the extent that the court finds it is in the best interests of the child, first to awarding such custody to a relative of the child by blood, marriage or adoption and second to awarding such custody to another person with whom the child has close emotional ties. The court may make temporary orders for care, support, education and visitation that it considers appropriate. Temporary custody orders are to be entered in lieu of temporary orders provided for in K.S.A. 38-1542 and 38-1543, and amendments thereto, and shall remain in effect until there is a final determination under the Kansas code for care of children. An award of temporary custody under this paragraph shall not terminate parental rights nor give the court the authority to consent to the adoption of the child. When the court enters orders awarding temporary custody of the child to an agency or a person other than the parent but not a relative as described in subpart (iii), the court shall refer a transcript of the proceedings to the county or district attorney. The county or district attorney shall file a petition as provided in K.S.A. 38-1531 and amendments thereto and may request termination of parental rights pursuant to K.S.A. 38-1581 and amendments thereto. The costs of the proceedings shall be paid from the general fund of the county. When a final determination is made that the child is not a child in need of care, the county or district attorney shall notify the court in writing and the court, after a hearing, shall enter appropriate custody orders pursuant to this section. If the same judge presides over both proceedings, the notice is not required. Any disposition pursuant to the Kansas code for care of children shall be binding and shall supersede any order under this section. When the court enters orders awarding temporary custody of the child to a relative as described in subpart (iii), the court shall annually review the temporary custody to evaluate whether such custody is still in the best interests of the child. If the court finds such custody is in the best interests of the child, such custody shall continue. If the court finds such

custody is not in the best interests of the child, the court shall determine the custody pursuant to this section."

In its original order changing custody of the child from Holyfield to Gerald, the court ruled:

"The Court specifically rejects third party respondent Holyfield's contention that the Court may award temporary custody of the minor child herein to her, his grandmother, with whom he has resided continuously for more than six years, pursuant to K.S.A. 60-1610(a)(4)(D)(iii), because the Court finds that said provision only applies to custody determinations made during proceedings at the time of the divorce, and is not applicable to custody proceedings, which occur subsequent to the divorce itself."

We disagree with the trial court. In Kansas, the trial court has continuing jurisdiction over the custody of minor children. K.S.A. 1996 Supp. 60-1610(a)(2) provides: *"Child custody and residency. (A) Changes in custody.* Subject to the provisions of the uniform child custody jurisdiction act (K.S.A. 38-1301 *et seq.*, and amendments thereto), the court may change or modify any prior order of custody when a material change of circumstances is shown."

The provisions of K.S.A. 1996 Supp. 60-1610 that govern custody of minor children apply to the original divorce proceedings, as well as to any subsequent proceedings on child custody. The trial court erred in finding that it need not consider K.S.A. 1996 Supp. 60-1610(a)(4)(D)(iii) because that statute applies only at the original divorce proceeding.

Reversed.