(39 P.3d 80)

No. 85,941

STATE OF KANSAS *ex rel.* SECRETARY OF SOCIAL & REHABILITATION SERVICES; K.K., minor child, by and through his next friend and mother, ASHLEY E. KOONTZ, v. NICHOLAS E. CLUBB, *Appellant*.

J. R. and APRIL KOONTZ, *Intervenors/Appellees*.

Opinion filed November 9. 2001.

*Charles F. Harris*, of Kaplan, McMillan & Harris, of Wichita, for appellant.

*Patricia A. Gilman*, of Redmond & Nazar, L.L.P. of Wichita, for intervenors/appellees.

Before RULON, C.J., GREEN, J., and ROGG, S.J.

GREEN, J.: This appeal arises out of a paternity action. Ashley E. Koontz sued Nicholas E. Clubb to determine paternity of her minor child, K.K. After Clubb admitted to fathering K.K., Ashley was killed in a car accident. Ashley's parents, J.R. Koontz and April Koontz, were allowed to intervene in the paternity action. The trial court awarded the Koontzes temporary custody of K.K. Later, Clubb moved to set aside the trial court's order awarding the maternal grandparents temporary custody of K.K. The trial court denied the motion. On appeal, Clubb contends that the trial court improperly denied his motion to set aside the temporary custody order. We disagree and affirm.

Clubb first argues that the trial court erred in denying his motion to set aside the temporary custody order of December 2, 1999. Clubb maintains that the order was void under K.S.A. 60-260(b)(4) because the trial court applied the temporary custody provisions of the divorce code to this case, although this suit was brought as a paternity action.

The standard of review on appeal from a ruling for relief from judgment under K.S.A. 60-260(b) is generally abuse of discretion. The movant must prove sufficient grounds for relief by clear and convincing evidence. *In re Marriage of Zodrow*, 240 Kan. 65, 68, 727 P.2d 435 (1986). However, when a judgment is attacked under K.S.A. 60-260(b)(4) as being void, there is no question of discretion on the part of the trial court. "Either a judgment is valid or it is void, and the court must act accordingly once the issue is resolved." *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997). "A judgment is void if the court acted in a manner inconsistent with due process. A void judgment is a nullity and may be vacated at any time." 261 Kan. at 862.

K.S.A. 60-260(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other mis-

conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subsection (b) does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in K.S.A. 60-309 or to set aside a judgment for fraud upon the court."

A judgment is void if the trial court relies upon a statute which has no application:

"A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack." 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

Although Clubb did not appeal the judgment of December 2, 1999, we will consider his argument because a void judgment can be vacated at any time. *Hampshire,* 261 Kan. at 862.

Our Supreme Court has upheld the use of the divorce code to determine custody in a paternity action between two parents who were not married in *LaGrone v. LaGrone,* 238 Kan. 630, 713 P.2d 474 (1986). *LaGrone* began as a paternity action. The court ultimately determined custody between the unwed natural parents. The court looked to the divorce code for guidance in determining the relevant factors to consider. Although the Kansas Parentage Act was not yet in effect at the time of trial, the court did not apply the act retroactively. 238 Kan. at 631. *LaGrone* has not been overruled.

The Kansas Parentage Act, K.S.A. 1999 Supp. 38-1121(d), states: "[T]he court shall enter such orders regarding custody and visitation as the court considers to be in the best interest of the child."

This section relates to the judgment or order of the court determining the existence or nonexistence of the parent and child relationship and allows for orders of support under criteria similar to those found in domestic actions. Absent from the Kansas Parentage Act is guidance in determining custody.

On the other hand, the divorce code has extensive guidelines for custody set out in K.S.A. 1999 Supp. 60-1610. Moreover, this court rejected the argument that K.S.A. 60-1610(a)(4)(D)(iii) applied only to proceedings at the time of the divorce and not to a post-divorce custody proceeding between a parent and a nonparent. See *In re Marriage of Burbank*, 23 Kan. App. 2d 602, 605, 932 P.2d 466 (1997). The *Burbank* court stated that "[t]he provisions of K.S.A. 1996 Supp. 60-1610 that govern custody of minor children apply to the original divorce proceedings, as well as to any subsequent proceedings on child custody." 23 Kan. App. 2d at 605.

In the present case, the trial court properly applied K.S.A. 1999 Supp. 60-1610(a)(4)(D) in granting custody to the maternal grandparents. As a result, Clubb's argument fails.

Next, Clubb argues that the trial court erred in denying his motion for relief from the order of December 2, 1999, by holding that the statutory changes to the temporary custody provisions of K.S.A. 1999 Supp. 60-1610(a)(4)(D) made by the Kansas Legislature had prospective application only. The court further stated that the temporary custody provisions of K.S.A. 1999 Supp. 60-1610(a)(4)(D) would be the controlling law of the case.

Statutory interpretation is a question of law, and this court's review is unlimited. *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 24, 956 P.2d 729 (1998).

A statute operates prospectively unless its language clearly indicates the legislature intended it to operate retrospectively. An exception to this rule has been recognized where a statutory change is procedural or remedial in nature. *In re Tax Appeal of Alsop Sand Co. Inc.*, 265 Kan. 510, 523-24, 962 P.2d 435 (1998). In the case at hand, there is no language in the statute indicating that the statute should apply retroactively.

K.S.A. 60-260(b)(5) provides that a trial court may relieve a party from a judgment when it is no longer equitable that the judgment

has prospective application. Clubb argues that the December 2, 1999, judgment is no longer an equitable judgment due to the changes in the statute.

In the order of December 2, 1999, the trial court based its placement of temporary custody with the maternal grandparents on K.S.A. 1999 Supp. 60-1610(a)(4)(D), which read:

"(D) *Nonparental custody.* If during the proceedings the court determines that there is probable cause to believe that: (i) The child is a child in need of care as defined by subsections (a)(1), (2) or (3) of K.S.A. 38-1502 and amendments thereto; (ii) neither parent is fit to have custody; or (iii) the child is currently residing with such child's grandparent, grandparents, aunt or uncle and such relative has had actual physical custody of such child for a significant length of time, the court may award temporary custody of the child to such relative, another person or agency if the court finds the award of custody to such relative, another person or agency is in the best interests of the child. In making such a custody order, the court shall give preference, to the extent that the court finds it is in the best interests of the child, first to awarding such custody to a relative of the child by blood, marriage or adoption and second to awarding such custody to another person with whom the child has close emotional ties. The court may make temporary orders for care, support, education and visitation that it considers appropriate. Temporary custody orders are to be entered in lieu of temporary orders provided for in K.S.A. 38-1542 and 38-1543, and amendments thereto, and shall remain in effect until there is a final determination under the Kansas code for care of children. An award of temporary custody under this paragraph shall not terminate parental rights nor give the court the authority to consent to the adoption of the child. When the court enters orders awarding temporary custody of the child to an agency or a person other than the parent but not a relative as described in subpart (iii), the court shall refer a transcript of the proceedings to the county or district attorney. The county or district attorney shall file a petition as provided in K.S.A. 38-1531 and amendments thereto and may request termination of parental rights pursuant to K.S.A. 38-1581 and amendments thereto. The costs of the proceedings shall be paid from the general fund of the county. When a final determination is made that the child is not a child in need of care, the county or district attorney shall notify the court in writing and the court, after a hearing, shall enter appropriate custody orders pursuant to this section. If the same judge presides over both proceedings, the notice is not required. Any disposition pursuant to the Kansas code for care of children shall be binding and shall supersede any order under this section. When the court enters orders awarding temporary custody of the child to a relative as described in subpart (iii), the court shall annually review the temporary custody to evaluate whether such custody is still in the best interests of the child, such custody shall continue. If the

court finds such custody is not in the best interests of the child, the court shall determine the custody pursuant to this section."

The 2000 legislature extensively amended K.S.A. 1999 Supp. 60-1610(a)(4)(D) by K.S.A. 2000 Supp. 60-1610(a)(5)(C). The amended statute now provides the court with the option of placing a child in nonparental residency under two conditions: (1) if the child is a child in need of care or (2) if neither parent is fit to have residency of the child. In addition, the amended statute replaced the word "custody" with the word "residency."

The maternal grandparents argue that retroactive application of the statute would affect the substantive rights of the parties. The changes in K.S.A. 2000 Supp. 60-1610(a)(5)(C) alters the substantive criteria for awarding temporary residency to nonparents by requiring a probable cause finding that the natural parent is unfit or that the child is a child in need of care. However, the statute in effect at the time of the order only required that the child was residing with a third party, that the third party had custody of the child for a significant length of time, and that it would be in the best interests of the child to award custody to the third party. See K.S.A. 1999 Supp. 60-1610(a)(4)(D)(iii). The provision of the statute permitting the court to retain control with an annual review of the temporary custody arrangement is now deleted. See K.S.A. 2000 Supp. 60-1610(a)(5)(C). However, at the time of the December 2, 1999, order, the trial court clearly had the authority to place K.K. in the custody of the maternal grandparents.

The changes the legislature made to K.S.A. 1999 Supp. 60-1610(a)(4)(D) deleted the provisions that were contrary to the parental preference doctrine. This change brought the statute in conformity with case law which holds the parental preference doctrine should control over the best interests of the child test when a natural parent and a third-party nonparent are both vying for custody of the same child. See *In re Marriage of Osborne*, 21 Kan. App. 2d 374, 901 P.2d 12 (1995).

Notwithstanding the changes for awarding nonparental residency of a child under K.S.A. 2000 Supp. 60-1610(a)(5)(C), we determine that the statute should be read not to require the im-

mediate abatement of the previous orders of third-party custody. Rather, a motion for change in residency should be made in the trial court and a hearing should follow. In the present case, if Clubb wishes to pursue a change in residency of K.K., he should first file the appropriate motion with the trial court. If an appropriate motion is filed, the trial court should consider these questions before changing K.K.'s residency: first, whether there is probable cause to believe that K.K. is a child in need of care as defined by subsections (a)(1), (2), or (3) of K.S.A. 38-1502 and amendments thereto; second, in the alternative, whether there is probable cause to believe that Clubb is unfit to have residency of K.K.

Affirmed.