NOT DESIGNATED FOR PUBLICATION

No. 120,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SAMUEL T. HALEY,
*Appellee*,

v.

EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 6, 2020. Affirmed.

*Andrew Jorgenson* and *Jessica A. Bryson*, special assistant attorneys general, of Kansas Department of Labor, for appellant.

*Samuel T. Haley*, appellee pro se.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: In 2011, the Employment Security Board of Review (Board) determined Samuel T. Haley was disqualified from receiving unemployment insurance (UI) benefits. Haley petitioned for judicial review. The district court reversed the Board and ordered "[b]enefits payable per statute" up to a certain date. Several years later Haley moved to revive the 2011 judgment, believing it to be dormant, and claimed the Board had not paid him any benefits. After finding the 2011 judgment was not subject to dormancy, the district court held the 2011 judgment entitled Haley to seven weeks of

1

benefits, and the Board still owed four of those weeks. The Board appeals from the district court's order to pay those benefits.

FACTS

Haley worked for Midwest Bulk, Inc., from the summer of 2009 until June 4, 2010. When his employment with Midwest Bulk ended, Haley filed for UI benefits. On July 10, 2010, an examiner found Haley was disqualified from receiving UI benefits under K.S.A. 44-706 because he had left his job without an explanation or notice. The notice of determination stated Haley should continue to file weekly claims if he chose to appeal.

On September 24, 2010, the Kansas Department of Labor received an appeal from Haley. A few months later, an unemployment insurance administrative judge held a telephone hearing to address the following issues:  (1) Was the examiner's determination final because Haley did not appeal it within 16 days after mailing and (2) was Haley disqualified from receiving benefits under K.S.A. 44-706?

At the hearing, Haley testified he had gone to pick up his paycheck from Midwest Bulk on June 4, 2010. He believed his paycheck was short by a few days, so he called his employer. Haley was not satisfied with the conversation. As a result, he stopped reporting for work because he believed Midwest Bulk was not going to pay him.

Haley also testified he did not have a stable residence in June and July 2010. He was unable to timely appeal because he did not have any money. He had been incarcerated since July 21, 2010, but he hoped to collect UI benefits from June 4, 2010, until July 20, 2010.

The judge found Haley's homelessness was excusable neglect, so the judge had jurisdiction to hear the late appeal. But the judge also found Haley had failed to exhaust all administrative remedies under his work agreement for the settlement of a dispute as required by K.S.A. 44-706(a)(10). As a result, the judge affirmed the examiner's determination that Haley was disqualified from receiving UI benefits.

Haley appealed to the Board. The Board affirmed the administrative judge's determination. Haley then filed a petition for judicial review. In the petition, Haley challenged the finding that he had not exhausted his administrative remedies before failing to return to work. He requested the following relief: (1) nine weeks of benefits, from the first week he filed a claim until he was incarcerated; (2) benefits after his incarceration ended until he returned to work; and (3) costs.

In June 2011, the district court held a hearing, presided over by District Judge Terry Pullman. The court reversed the Board's decision and held Haley had exhausted his administrative remedies. The following colloquy then took place:

> "THE COURT: [The Board's] position is that now the employment benefits can be considered subject to exclusions due to incarceration.
> "And those numbers will be determined independent of this hearing; is that correct, Mr. Post [the Board's attorney]?
> "MR. POST: Well, yes, Your Honor. And I don't think he's asked for anything past the date of his incarceration either.
> "THE COURT: Okay.
> "MR. POST: If I understand correctly[,] I think it's June the 6th through about July 18th, 2010.
> "THE COURT: It says July 21—
> "MR. POST: Okay.
> "THE COURT: —in paragraph A on the last page for the relief requested. Would you agree with that, Mr. Haley?
> "MR. HALEY: Yes, sir.

"THE COURT: Okay. Anything else we need to discuss then, gentlemen?

"MR. POST: No, Your Honor.

"MR. HALEY: No, sir."

In a motion minutes order, the district court held: "Based on review of transcript and rulings on record, Mr. Haley did effectively exhaust his administrative remedies, such as they were under the facts under K.S.A. 44-706(a)(10). Benefits payable per statute up to 7-21-10. No costs are allowed." Neither party appealed Judge Pullman's ruling.

On remand to the Board, it found Haley was qualified for UI benefits under K.S.A. 44-706(a)(10) "beginning June 9, 2010 and continuing as long as all eligibility requirements are met."

Over six years later, Haley filed two separate motions for revivor of judgment with the district court. In the first motion, Haley claimed the 2011 judgment entitled him to nine weeks of UI benefits, but he had not received any of those benefits. This was dismissed by the court without prejudice due to a lack of a hearing transcript. In the second motion, Haley claimed he was entitled to seven to eight weeks of benefits, not nine weeks. He asked the court to enter a money judgment against the Board for the amount of the benefits, as well as interest and fees.

In August 2018, the district court held a hearing on Haley's motion, presided over by District Judge Jeffrey E. Goering. After hearing arguments from the parties, the court held that the 2011 judgment was not subject to dormancy, so Haley did not need to move for revivor. The court also found the underlying dispute was the scope of relief granted by the 2011 judgment and whether the Board had paid it. But because the parties were only prepared to argue the motion for revivor at that hearing, the court set another hearing.

4

On the day of the second hearing in September 2018, Haley filed a motion for calculation of benefits, though the record is not clear if the district court was able to review it. At the beginning of the hearing, the Board moved to dismiss the motion because no case or controversy was before the court. It claimed the court had already ruled on Haley's motion for revivor, and any later ruling the court might make would be an advisory opinion on enforcement.

The district court responded it had inherent authority to enforce its judgment. It then held, "[I]t's very clear that Judge Pullman ordered benefits payable up to a date certain. It's a matter of accounting to determine how many [weeks] the Board has paid and how many [weeks] have been left unpaid, and it seems to me that those [weeks] left unpaid ought to be paid."

The Board then moved for relief from judgment under K.S.A. 2018 Supp. 60-260(b)(4). It claimed the 2011 judgment awarded benefits for which Haley was not statutorily entitled because he only filed claims for three of the seven weeks. According to the Board, that made the judgment void. The court denied the motion, noting the Board had provided the dates used in the 2011 judgment.

The district court then addressed whether the 2011 judgment had been fulfilled. The Board produced records showing it had paid benefits for three weeks. The court found the Board still owed four weeks of payments. The Board has timely appealed from this decision.

ANALYSIS

*The district court's denial of the Board's motion to dismiss*

On appeal, the Board first argues the district court erred when it denied the Board's oral motion to dismiss at the September 2018 hearing. It notes Haley had filed only a motion for revivor. Because the court ruled on that motion at the August 2018 hearing, the Board asserts no justiciable case or controversy was before the court at the September 2018 hearing.

Whether a claim is nonjusticiable is a question of law. *Gannon v. State*, 298 Kan. 1107, 1118, 319 P.3d 1196 (2014). Kansas recognizes a case-or-controversy requirement arising from the separation of powers doctrine embodied in the Kansas constitutional framework. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896, 179 P.3d 366 (2008). Under this requirement, a court will not rule on issues brought before it unless (1) the parties have standing, (2) the issues are not moot, (3) the issues are ripe, and (4) the issues do not present a political question. *Gannon*, 298 Kan. at 1119.

The Board claims no justiciable issue was before the court at the September 2018 hearing for two reasons. First, the Board claims the case was moot. A case is moot when the controversy between the parties has ended and any judgment of the court would have no practical significance. *Clark v. U.S.D. No. 287*, 55 Kan. App. 2d 402, 407, 416 P.3d 1032 (2018). The Board notes Haley had filed only a motion for revivor, and the district court ruled on that motion at the August 2018 hearing. According to the Board, any controversy between Haley and the Board had ended by the September 2018 hearing, and the case was moot.

Second, the Board claims any issues before the court were not ripe. The ripeness doctrine aims to prevent courts from being asked to address ill-defined disagreements. An

issue is ripe when it has taken shape and is concrete, instead of hypothetical and abstract. *State ex rel. Morrison*, 285 Kan at 892. The Board claims the issue before the court at the September 2018 hearing was abstract and lacked clarity. It claims it did not know what the standard of proof would be or who would have the burden. It also claims no cognizable cause of action had been put forth, and it did not know what relief the court could grant.

We are not persuaded by the Board's contentions. Haley's claim that the Board had failed to follow the 2011 judgment on remand was not moot. The parties disagreed on the meaning of the 2011 judgment and whether it had been fulfilled. And the district court's ruling on this issue would have practical significance, as it would determine whether the Board needed to make more payments. Moreover, the issue was ripe because it was concrete, and nothing more needed to happen for Haley to have a claim.

In its brief, the Board states: "It is arguable that the District Court recognized and brought up an issue in the August [2018] hearing that needed to be decided and therefore the issues in the case were not moot." The Board notes that district courts generally cannot raise issues on their own motion unless those issues are related to jurisdiction. See *Frontier Ditch Co. v. Chief Engineer of Div. of Water Resources*, 237 Kan. 857, 864, 704 P.2d 12 (1985) ("While the court may raise issues on its own motions, it is limited to issues of jurisdiction."). The Board claims the issue to be decided here was the scope of relief granted by the 2011 judgment. It argues this is not related to jurisdiction, so the court could not have properly raised the issue on its own motion.

Looking at the record, the district court did not raise this issue sua sponte. Haley's motion alleged the Board had failed to fulfill the 2011 judgment, and the scope of relief granted by that judgment had to be determined before addressing Haley's claim. While Haley may have presented this claim in a motion for revivor, he filed his motion pro se. It is our custom and practice to liberally construe pro se motions, because "[l]iberal

7

construction allows courts to grant relief based on the facts alleged, i.e., 'the substance of a pleading controls over its label.'" *In re Marriage of Williams*, 307 Kan. 960, 983, 417 P.3d 1033 (2018). While the district court did not specifically find it was construing Haley's motion as a motion to enforce judgment, that is essentially how the court treated it. And the facts alleged in the motion support this construction, as Haley was alleging the Board had failed to follow the court's order on remand from Judge Pullman's decision.

The Board's argument that no case or controversy was before the court is unpersuasive. In fact, the Board tacitly admits an issue needed to be decided. At the district court level, the Board did not argue the 2011 judgment, it only ordered payment of UI benefits for the weeks for which Haley filed claims. In the Board's brief, it states it accepted Judge Goering's interpretation at the September 2018 hearing. On appeal, the Board does not directly challenge Judge Goering's interpretation. In response to Haley's argument that the Board acquiesced in the 2011 judgment, the Board argues it reasonably interpreted the judgment and Judge Goering "changed" the meaning, but the Board does not ask for relief on this ground.

Instead, the Board's real argument appears to be that Haley's claim was not brought before the court through the proper procedure. But this would presumably mean the court did not have jurisdiction to reach the issue, not that the issue was nonjusticiable. Thus, we hold that the district court did not err in denying the Board's motion for lack of a case or controversy.

*Lack of subject matter jurisdiction*

Next, the Board argues the district court lacked subject matter jurisdiction to determine the scope of relief granted by the 2011 judgment. It argues Haley had not presented a clear cause of action which might confer subject matter jurisdiction on the court. Likewise, it contends "the issue of the case [had] moved away from the subject

8

matter jurisdiction originally conferred upon the court" by the Kansas Judicial Review Act (KJRA).

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). While the Board challenges the district court's jurisdiction for the first time on appeal, this does not prevent appellate review. Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. 306 Kan. at 33.

In this case, the district court invoked its inherent authority to enforce its orders. See *Koch Engineering Co. v. Faulconer*, 227 Kan. 813, 829, 610 P.2d 1094 (1980) ("A district court clearly has both a statutory and an inherent power in Kansas to enforce its orders."). The Board does not directly respond to the court's reasons for finding it had jurisdiction. Instead, it argues the court did not have statutory authority to decide Haley's claim.

The Board first argues the district court did not have jurisdiction under K.S.A. 20-301. That statute states: "There shall be in each county a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law, and also shall have such appellate jurisdiction as prescribed by law." The Board proposes that "all matters" means "a discernable cause of action or motion must be pending before the court." It reasons the court did not have jurisdiction because no cause of action was before the court at the September 2018 hearing.

Once again, we disagree with the Board's reasoning on this point. Its argument on this essentially reframes its prior argument that the district court's finding that no revivor of dormancy was needed essentially deprived the court of authority to take up

9

enforcement of the judgment granted by Judge Pullman. But as we have noted, the holding of our Supreme Court in *In re Marriage of Williams* requires us to look at the substance of Haley's pleading, not just its caption. And the text of his motion clearly indicates Haley was seeking to enforce Judge Pullman's unappealed-from order to pay him, and the Board's postruling actions remained in controversy.

The Board also references the KJRA, noting Haley's case was originally brought before the district court by a petition for judicial review after he had been denied relief by the Board. The Board argues: "[W]hether it has remained under the authority of the KJRA is difficult to discern. The Board submits that this case has moved away from the statutes that originally conferred subject matter jurisdiction upon the court." The Board does not explain how this case has "moved away" from the KJRA.

On this point, we agree with the Board that this case has moved away from the KJRA. And although, at first blush, the KJRA might appear to be applicable to Haley's request for enforcement of Judge Pullman's order, we reject its application under the unique circumstances of this case.

The KJRA "applies to all agencies and all proceedings for judicial review and civil enforcement of agency actions not specifically exempted by statute." K.S.A. 77-603(a). It "establishes the exclusive means of judicial review of agency action." K.S.A. 77-606. The KJRA is also "'the exclusive remedy for all requested relief which an agency can grant under its authority.'" *Heiland v. Dunnick*, 270 Kan. 663, 668, 19 P.3d 103 (2001). An aggrieved party may bring a separate action only when an agency lacks authority to grant relief for an actionable claim. 270 Kan. at 668.

The KJRA arguably would apply here because Haley's claim involves an agency action, and a state agency (the Board) could have granted him his requested relief. Haley claims the Board failed to pay all the benefits to which he was entitled under the 2011

judgment. This failure potentially qualifies as an agency action under K.S.A. 77-602(b). That statute defines agency action as:

> "(1) The whole or a part of a rule and regulation or an order;
>
> "(2) the failure to issue a rule and regulation or an order; or
>
> "(3) an agency's performance of, or *failure to perform, any other duty, function or activity, discretionary or otherwise*." (Emphasis added.) K.S.A. 77-602(b).

But we believe that it is inequitable and inconsistent with the purposes of the KJRA to require Haley to go back and jump through all the hoops necessary to get paid for the four remaining weeks the Board was previously ordered to pay, and which it confirmed to Judge Goering it had not paid.

Rather than seeking judicial review *ab initio* on his UI claims against the Board, Haley's 2018 motion merely sought a remedy in district court for inaction by a state agency where judicial review and corresponding relief had already been obtained, i.e. through Judge Pullman's order in 2011. And, we reiterate, that order was not appealed by the Board and has become res judicata.

While clearly the Board had the power to address Haley's claim of noncompliance with Judge Pullman's order at the administrative level and grant him the relief he sought, specifically payment of the unpaid amounts for seven weeks of UI benefits, the fact remains that it had previously been ordered by the district court to pay and had admittedly not carried out Judge Pullman's orders in full. In our opinion, sending Haley back to the Board to beg it to comply with Judge Pullman's order, which had become final, is simply not within the scope or meaning of the KJRA.

Notwithstanding the broad language in K.S.A. 77-602(b) outlining agency actions, the statute plainly pertains to an agency's delegated public duties and concomitant rule-

making, quasi-judicial adjudications, and other decisions carrying out those duties. An agency's obligation to comply with a court judgment is qualitatively different from the performance of those duties and is rooted in the rule of law, rather than in the agency's legislative or executive charge. An agency's failure or refusal to comply fully with a judgment, therefore, does not come within the scope of K.S.A. 77-602(b). And that refusal does not amount to an "agency action" requiring the aggrieved party to exhaust administrative remedies and then to seek relief through a KJRA action.

In short, we find that Haley has already had his judicial review, and the purposes and provisions of the KJRA do not apply to the matters he raised before Judge Goering. In our opinion Haley is entitled to the relief granted by the district court in 2018 without further resort to any provision of the KJRA.

*Denial of the Board's motion for relief from judgment*

Finally, the Board argues the district court erred in denying its motion for relief from judgment under K.S.A. 2018 Supp. 60-260. The Board claims the district court exceeded its authority when it ordered payment of seven weeks of benefits. For this reason, the Board asserts the 2011 judgment is void.

Normally, we review a district court's ruling on a motion for relief from judgment under K.S.A. 2018 Supp. 60-260(b) for an abuse of discretion. *In re Marriage of Leedy*, 279 Kan. 311, Syl. ¶ 1, 109 P.3d 1130 (2005). But when a party attacks a judgment as void, as the Board does here, we review the district court's ruling de novo "because the district court has no discretion to exercise when deciding if a judgment is void." *J.A. Tobin Construction Co. v. Williams*, 46 Kan. App. 2d 593, 597, 263 P.3d 835 (2011).

A judgment is void if the court that rendered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process. *First Management v.*

12

*Topeka Investment Group*, 47 Kan. App. 2d 233, 236, 277 P.3d 1150 (2012). Likewise, "'a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter.'" *State ex rel. Secretary of SRS v. Clubb*, 30 Kan. App. 2d 1, 4, 39 P.3d 80 (2001) (quoting 46 Am. Jur. 2d, Judgments § 25). "'A void judgment is a nullity and may be vacated at any time.'" *First Management*, 47 Kan. App. 2d at 236.

The Board's argument on this point relies on two separate statutes in the Employment Security Law. K.S.A. 44-705 sets forth benefit eligibility conditions including a requirement that a claimant file a claim for each week he or she wishes to receive UI benefits. K.S.A. 44-705(b). K.S.A. 44-706 defines when a claimant is disqualified from receiving benefits.

According to the Board, a claimant must be both eligible under K.S.A. 44-705 and not disqualified under K.S.A. 44-706 to receive UI benefits. In Haley's case, the issue before the district court in 2011 was whether Haley was disqualified to receive benefits under K.S.A. 44-706, specifically subsection (a)(10). When the court ordered the Board to pay seven weeks of benefits, the Board claims the court essentially waived the eligibility and disqualification requirements in K.S.A. 44-705 and K.S.A. 44-706. The Board argues this exceeded the court's authority, as only the Board could determine Haley's eligibility, and thus the 2011 judgment is void.

While the Board claims the district court exceeded its authority by waiving the eligibility requirements set forth in K.S.A. 44-705(b), this does not appear to be a fair characterization of the judgment. Instead, even assuming the district court erroneously found Haley to be entitled to seven weeks of benefits, i.e., that Haley met the requirements to receive UI benefits for that time period, the ruling would not have been an improper exercise of judicial authority rendering the order void. It simply would have been an erroneous decision, subject to review and correction on appeal. A judgment is not

13

void simply because it is erroneous. Had Judge Pullman explicitly ordered the Board to ignore the eligibility rules and to pay Haley even though he did not qualify for benefits, the Board might have an argument. But that is not what happened in this case.

As we have previously noted, the Board had an opportunity to challenge the 2011 ruling of Judge Pullman by filing an appeal. For whatever reason, it did not do so and the district court's decision became final and is res judicata in this case. Although Judge Pullman's decision may have been erroneous, it was not void. Therefore Judge Goering did not err in denying the Board's motion for relief from judgment.

Affirmed.